**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TERENCE TRIBBLE, | ) | |
| | ) | No. 08 C 2533 |
| Plaintiff, | ) | |
| | ) | Judge Hibbler |
| v. | ) | |
| | ) | Magistrate Judge Denlow |
| NICHOLAS J. EVANGELIDES and | ) | |
| ROGER L. FIESER, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO FILE *INSTANTER* THEIR ANSWER AND MOTION TO DISMISS PLAINTIFF'S MALICIOUS PROSECUTION CLAIM

Defendants Evangelides and Fieser (collectively "defendants"), by one of their attorneys, Bhairav Radia, Assistant Corporation Counsel for the City of Chicago, move this Court under Federal Rule of Civil Procedure 6(b) to allow them to file *instanter* their answer to plaintiff's complaint and motion to dismiss plaintiff's malicious prosecution claim. In support of this motion, defendants state:

1.    Plaintiff filed his five-count complaint on May 4, 2008. The complaint alleges federal claims under 42 U.S.C. § 1983 against defendants, who are Chicago police officers.

2.    Plaintiff sent the complaint and request for waiver of service to defendants on May 5, 2008. Defendants timely signed and returned the waiver of service forms on June 4, 2008. Accordingly, defendants' answer or motion under Rule 12 was due yesterday, July 7, 2008.[1]

3.    Because of a heavy caseload and despite his best efforts, undersigned counsel was

---

[1]Defendants' responsive pleading was due 60 days from May 5, 2008, i.e. July 4, 2008, which was a holiday.

unable to draft defendants' answer, attached as Exhibit 1 to this motion, and defendants' motion to dismiss plaintiff's malicious prosecution claim (with Exhibits A and B), attached as Exhibit 2 to this motion, until today.

4.     Plaintiffs will not be prejudiced if this Court grants this motion.  On June 26, 2008, defendants sent plaintiff a letter informing him of their intention to move this Court to dismiss his malicious prosecution claim and summarizing the legal and factual bases for their proposed motion.  In addition, in the interests of judicial and litigation economy, defendants proposed filing a stipulation by the parties to dismiss plaintiff's malicious prosecution claim.  Defendants received no response from plaintiff.

For these reasons, defendants request that the Court grant defendants' motion to file *instanter* their answer to plaintiffs' complaint and motion to dismiss plaintiff's malicious prosecution claim .

Respectfully submitted,


Dated: July 8, 2008                    *s/ Bhairav Radia*
                                        Bhairav Radia
                                        Assistant Corporation Counsel, City of Chicago
                                        Attorney for defendants Evangelides and Fieser


30 North LaSalle Street, Suite 1020
Chicago, Illinois 60602
(312) 744-6919

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

TERENCE TRIBBLE,           )
                                )    No. 08 C 2533
              Plaintiff,    )
                                )    Judge Hibbler
          v.                 )
                                )    Magistrate Judge Denlow
NICHOLAS J. EVANGELIDES and    )
ROGER L. FIESER,           )
                                )    Jury Trial Demanded
             Defendants.    )

**DEFENDANTS' ANSWER, DEFENSES AND
JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendants Nicholas Evangelides and Roger Fieser (collectively "defendants"), by one of their attorneys, Bhairav Radia, Assistant Corporation Counsel for the City of Chicago, answer plaintiff's complaint as follows:

**NATURE OF CLAIM**

1.    This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. §1983), to redress deprivations of the civil rights of plaintiff through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiff of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

ANSWER:    Defendants admit that plaintiff brings this action under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. §1983), but deny the remaining allegations in this paragraph and deny any wrongdoing.

**JURISDICTION AND VENUE**

2.    Jurisdiction is based upon 28 U.S.C. Sections §§1343, 1331, and 1367.

ANSWER:    Defendants admit that jurisdiction is proper.

3.      Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. § 1391, because all events or omissions giving rise to this claim occurred in this district.

ANSWER:      Defendants admit that venue is proper.

## PARTIES

4.      At all times herein mentioned, plaintiff was and is a citizen of the United States and resides within the jurisdiction of the court.

ANSWER:      Upon information and belief, defendants admit the allegations in this paragraph.

5.      At all times herein mentioned, individual defendants Nicholas J. Evangelides (hereinafter Evangelides) and Roger L. Fieser (hereinafter Fieser) were officers of the Chicago Police Department and were acting under color of state law and as the employees or agents of the City of Chicago, Illinois.  They are being sued in their individual capacity.

ANSWER:      Defendants admit the allegations in this paragraph, but deny any wrongdoing.

## STATEMENT OF FACTS

6.      On May 14, 2006, at approximately 8:30 p.m., plaintiff, Terence Tribble, was lawfully at a gathering of family and friends at 1649 S. Homan Avenue in Chicago, Illinois, and engaged in lawful conduct, when defendants Evangelides and Fieser stopped him without reasonable suspicion or legal cause.

ANSWER:      Defendants admit that on May 14, 2006, at approximately 8:50 p.m., plaintiff was on the street at 1641 S. Homan Avenue in Chicago, Illinois.  Defendants deny the remaining allegations in this paragraph.

7.      Plaintiff was searched and placed under custodial arrest, despite the fact there was no warrant for his arrest and no probable cause to believe that he had committed a crime.

ANSWER:      Defendants admit that they searched plaintiff and placed plaintiff under custodial arrest.  Defendants further admit that there was no warrant for plaintiff's arrest.  Defendants deny the remaining allegations in this paragraph.

2

8.      Defendants caused a false felony drug charge and a false charge of drinking on a public way to be filed against plaintiff.  Plaintiff was booked, processed, and formally charged with said charges.

ANSWER:      Defendants admit that they arrested plaintiff for possession of controlled substances and for drinking alcohol in a public way, and helped process plaintiff's arrest.  Defendants deny the remaining allegations in this paragraph.

9.      Plaintiff, Terence Tribble, was wrongfully incarcerated for approximately 12 days.

ANSWER:      Defendants deny that plaintiff was wrongfully incarcerated.  Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

10.      The drinking on a public way charge was non-suited.  At a suppression hearing based upon Plaintiff's assertion that he had been arrested without probable cause, the criminal court judge made a finding of no probable cause and quashed the arrest.  The false drug charge against plaintiff was dismissed.

ANSWER:      Defendants admit that the drinking on a public way charge was non-suited.  Defendants further admit that the criminal court judge made a finding of no probable cause for plaintiff's arrest and that the charges against plaintiff for possession of controlled substances were dismissed.  Defendants deny the remaining allegations in this paragraph.

11.      By reason of the above-described acts and omissions of the individual defendants, plaintiff sustained injuries, humiliation, and indignities, and suffered great physical, mental, and emotional pain and suffering, all to his damage.  He also incurred fees in retaining an attorney to defend him in criminal court.

ANSWER:      Defendants deny the allegations in this paragraph.

12.      The aforementioned acts of the individual defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify the awarding of exemplary and punitive damages.

ANSWER:      Defendants deny the allegations in this paragraph.

3

13.     By reason of the above-described acts and omissions of the individual defendants, plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action, so that he might vindicate the loss and impairment of their rights.  By reason thereof, plaintiff requests payment by the individual defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. § 1988, the Equal Access to Justice Act, or any other provision set by law.

ANSWER:     Defendants deny the allegations in this paragraph.

## COUNT I
### Plaintiff against Individual Defendants for Illegal Stop

14.     Plaintiff, Terence Tribble, incorporates and re-alleges paragraphs 1-13, as though set forth herein in their entirety.

ANSWER:     Defendants incorporate their answers to paragraphs 1-13 as if fully stated here.

15.     The stop of Plaintiff by the individual defendants was without reasonable suspicion that plaintiff was involved in any criminal activity and without any other legal cause.

ANSWER:     Defendants deny the allegations in this paragraph.

16.     By reason of the conduct of the individual defendants, Plaintiff, Terence Tribble, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendants Evangelides and Fieser, and each of them, is liable to plaintiff pursuant to 42 U.S.C. § 1983.

ANSWER:     Defendants deny the allegations in this paragraph.

## COUNT II
### Plaintiff against Individual Defendants for False Arrest

17.     Plaintiff, Terence Tribble, incorporates and re-alleges paragraphs 1-13, as though set forth herein in their entirety.

ANSWER:     Defendants incorporate their answers to paragraphs 1-13 as if fully stated here.

18.     The arrest and incarceration of Plaintiff, Terence Tribble, by the individual defendants for the purpose of charging him with false crimes were without probable cause and unreasonable.

ANSWER:     Defendants deny the allegations in this paragraph.

19.    By reason of the conduct of the individual defendants, plaintiff, Terence Tribble, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendants Evangelides and Fieser, and each of them, is liable to plaintiff pursuant to 42 U.S.C. § 1983.

ANSWER:    Defendants deny the allegations in this paragraph.

## COUNT III
### Plaintiff against Individual Defendants for Illegal Search

20.    Plaintiff, Terence Tribble, incorporates and re-alleges paragraphs 1-13, as though set forth herein in their entirety.

ANSWER:    Defendants incorporate their answers to paragraphs 1-13 as if fully stated here.

21.    The search of the person of plaintiff, Terence Tribble, was without probable cause and unreasonable.

ANSWER:    Defendants deny the allegations in this paragraph.

22.    By reason of the conduct of the individual defendants, plaintiff, Terence Tribble, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendants Evangelides and Fieser, and each of them, is liable to plaintiff pursuant to 42 U.S.C. § 1983.

ANSWER:    Defendants deny the allegations in this paragraph.

## COUNT IV
### Plaintiff against Individual Defendants for Due Process Violations

23.    Plaintiff, Terence Tribble, incorporates and realleges paragraphs 1-13, as though set forth herein in their entirety.

ANSWER:    Defendants incorporate their answers to paragraphs 1-13 as if fully stated here.

24.    The individual defendants deprived plaintiff of fair criminal proceedings by engaging in multiple acts which include, but are not limited to, not disclosing known exculpatory evidence, submitting false charges as contained in the criminal complaints, submitting false police reports, swearing to false statements, and otherwise acting to influence and persuade the State's Attorney to prosecute plaintiff and to deny plaintiff fair legal proceedings.

ANSWER:     Defendants deny the allegations in this paragraph.

25.     These acts were directed toward plaintiff, were intentional and material, and therefore were in violation of plaintiff's due process rights.

ANSWER:     Defendants deny the allegations in this paragraph.

26.     By reason of the conduct of the individual defendants, plaintiff, Terence Tribble, was deprived of rights, privileges and immunities secured to him by the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants Evangelides and Fieser, and each of them, is liable to plaintiff pursuant to 42 U.S.C. § 1983.

ANSWER:     Defendants deny the allegations in this paragraph.

### COUNT V
### Plaintiff against Individual Defendants for Fourth Amendment Malicious Prosecution

27.     Plaintiff, Terence Tribble, incorporates and realleges paragraphs 1-13, as though set forth herein in their entirety.

ANSWER:     Defendants incorporate their answers to paragraphs 1-13 as if fully stated here.

28.     The individual defendants maliciously and wrongfully instituted legal proceedings, causing criminal charges to be filed and prosecuted against plaintiff.  The criminal proceedings were commenced and continued maliciously.

ANSWER:     Defendants have filed, contemporaneously with this answer, a motion to dismiss

plaintiff's Fourth Amendment malicious prosecution claim (Count V), and accordingly, does not

answer this paragraph at this time.

29.     The individual defendants facilitated this malicious prosecution by falsifying evidence, creating false police reports, falsifying written criminal charges, and making false and perjured statements under oath.

ANSWER:     Defendants have filed, contemporaneously with this answer, a motion to dismiss

plaintiff's Fourth Amendment malicious prosecution claim (Count V), and accordingly, does not

answer this paragraph at this time.

6

30.    Plaintiff was wrongfully incarcerated for approximately 12 days as a result of the prosecution of these criminal charges.

ANSWER:    Defendants have filed, contemporaneously with this answer, a motion to dismiss plaintiff's Fourth Amendment malicious prosecution claim (Count V), and accordingly, does not answer this paragraph at this time.

31.    Plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.

ANSWER:    Defendants have filed, contemporaneously with this answer, a motion to dismiss plaintiff's Fourth Amendment malicious prosecution claim (Count V), and accordingly, does not answer this paragraph at this time.

32.    The criminal proceedings were terminated in plaintiff's favor.

ANSWER:    Defendants have filed, contemporaneously with this answer, a motion to dismiss plaintiff's Fourth Amendment malicious prosecution claim (Count V), and accordingly, does not answer this paragraph at this time.

33.    By reason of the conduct of the individual defendants, plaintiff, Terence Tribble, was deprived of rights, privileges and immunities secured to him by the Fourth and Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendants Evangelides and Fieser, and each of them, is liable to plaintiff pursuant to 42 U.S.C. § 1983.

ANSWER:    Defendants have filed, contemporaneously with this answer, a motion to dismiss plaintiff's Fourth Amendment malicious prosecution claim (Count V), and accordingly, does not answer this paragraph at this time.

WHEREFORE, defendants pray that this Court enter judgment in their favor on plaintiff's complaint, award defendants such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## **FIRST AFFIRMATIVE DEFENSE**

Defendants are government officials who perform discretionary functions.  As to the federal claims against defendants, at all times material to the events alleged in plaintiff's complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted defendants could have believed their actions to be lawful, in light of clearly established law and the information that defendants possessed.  Defendants, therefore, are entitled to qualified immunity as a matter of law.

## **SECOND AFFIRMATIVE DEFENSE**

Plaintiff has a duty to mitigate any of his claimed injuries or damages in this case, and to the extent he has failed to do so, any verdict or judgement he obtains must be reduced accordingly.

## **JURY DEMAND**

Defendants request trial by jury.

Respectfully submitted,


July 8, 2008                                    By:    */s/Bhairav Radia*
                                                       Bhairav Radia
                                                       Assistant Corporation Counsel, City of Chicago
                                                       Attorney for Defendants Evangelides and Fieser

30 North LaSalle Street, Suite 1020
Chicago, Illinois 60602
(312) 744-6919

8

## CERTIFICATE OF SERVICE

      I certify that I caused to be served a true copy of **Defendants' Answer, Defenses and Jury Demand to Plaintiff's Complaint** on the following attorney of record through the United States District Court for the Northern District of Illinois, Eastern Division's electronic case filing system, on July 8, 2008.

      Irene Dymkar
      300 West Adams
      Suite 330
      Chicago, IL 60606

                               */s/ Bhairav Radia*
                                Bhairav Radia
                                Assistant Corporation Counsel

30 North LaSalle Street
Suite 1020
Chicago, Illinois 60602
(312) 744-6919

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TERENCE TRIBBLE, | ) | |
| | ) | No. 08 C 2533 |
| Plaintiff, | ) | |
| | ) | Judge Hibbler |
| v. | ) | |
| | ) | Magistrate Judge Denlow |
| NICHOLAS J. EVANGELIDES and | ) | |
| ROGER L. FIESER, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S**
**MALICIOUS PROSECUTION CLAIM**

Defendants Evangelides and Fieser (collectively "defendants"), by one of their attorneys,

Bhairav Radia, Assistant Corporation Counsel for the City of Chicago, move this Court under

Federal Rule of Civil Procedure 12(b)(6) to dismiss, with prejudice, plaintiff's Section 1983

malicious prosecution claim (Count V). In support of their motion, defendants state as follows:

**INTRODUCTION**

On May 14, 2006, plaintiff was allegedly stopped, searched, and arrested without a

warrant or legal cause by defendants, who are Chicago police officers. *See* plaintiff's complaint

("Complaint"), ¶¶1-13 (attached hereto as Exhibit A). Plaintiff filed the complaint in this action

on May 4, 2008, alleging, among other federal claims under 42 U.S.C. § 1983 ("Section 1983"),

a Fourth Amendment malicious prosecution claim (Count V). Complaint, ¶¶ 27-33. Plaintiff

alleges no state-law claims against defendants in his complaint. *See* Complaint, ¶¶ 1-33.

**LEGAL STANDARD**

The Court may dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) if the

plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). For a

complaint to adequately state a claim that entitles the plaintiff to relief, it must meet two

requirements. *E.E.O.C v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).

First, the complaint must give the defendant "'fair notice of what the . . . claim is and the grounds

upon which it rests.'" *Id.* (citing *Bell Atlantic Corp. v. Twombley*, 127 S.Ct. 1955, 1964 (2007)).

Second, the complaint's allegations "must plausibly suggest that the plaintiff has a right to relief,

raising that possibility above a 'speculative level.'" *Id.* at 776-77 (citing *Bell Atlantic*, 127 S.Ct.

at 1965). In considering a motion to dismiss, the Court must assume as true all well-pleaded

allegations in the complaint and construe all reasonable inferences in favor of the plaintiff.

*Sprint Spectrum L.P. v. City of Carmel*, 361 F.3d 998, 1001 (7th Cir. 2004). Nevertheless, a

court may take judicial notice of matters of public record. *Palay v. U.S.*, 349 F.3d 418, 425 n. 5

(7 Cir. 2003).

## ARGUMENT

### PLAINTIFF'S MALICIOUS PROSECUTION CLAIM IS NOT ACTIONABLE UNDER 1983 WHEN ILLINOIS PROVIDES A REMEDY FOR MALICIOUS PROSECUTION

Plaintiff cannot bring a malicious prosecution claim under Section 1983 when state law

provides a remedy for the tort of malicious prosecution. *Newsome v. McCabe*, 256 F.3d 747,

750-51 (7th Cir. 2001) (en banc). In *Newsome*, the Seventh Circuit emphasized that "the

existence of a tort claim under state law knocks out any constitutional theory of malicious

prosecution." *Id.* at 750. *see also McCann v. Mangialardi*, 337 F.3d 782,786 (7th Cir. 2003)

(same). Illinois allows common law tort actions for malicious prosecution. *See Ferguson v. City*

*of Chicago*, 820 N.E.2d 455, 459 (Ill. 2004). Thus, plaintiff should have brought his malicious

prosecution claim against defendants under Illinois law, not Section 1983. *See Newsome*, 256 F.3d

at 751. Accordingly, plaintiff's malicious prosecution claim should be dismissed. *See Truesdale v.*

*Guerra*, 2008 WL 1968773, *4 (N.D. Ill. May 1, 2008) (citing *Newsome* and *McCann* in dismissing plaintiff's Section 1983 malicious prosecution claim).

Plaintiff cannot bring a malicious prosecution claim under Illinois law, however, because his claim is time-barred. State law tort claims against Illinois local governmental entities and their employees are governed by a one-year statute of limitations. 745 Ill. Comp. Stat. 10/8-101 (West 2000). Under Illinois law, "[a] cause of action for malicious prosecution does not accrue until the criminal proceeding on which it is based has been terminated in the plaintiff's favor." *Ferguson,* 820 N.E.2d at 459 (Ill. 2004) (citations omitted). In this case, criminal charges against plaintiff were dismissed on June 8, 2006. *See* Docket Report for *People of the State of Illinois v. Terence Tribble*, Case No. 06111938501, attached as Exhibit B). Accordingly, the criminal proceedings against the plaintiff terminated, and his cause of action for malicious prosecution accrued, on June 8, 2006. Under the one-year statute of limitations, plaintiff had one year from June 8, 2006, to file his malicious prosecution claim against defendants. Plaintiff did not file his complaint, however, until May 4, 2008, several months after the one-year statute of limitations period expired. Therefore, plaintiff's potential malicious prosecution claim against defendants is untimely under Illinois law.

This Court should reject plaintiff's attempt to do an end run around the state statute of limitations by relabeling his unviable state law malicious prosecution claim as a Fourth Amendment "malicious prosecution" claim. "[T]he interest in not being prosecuted groundlessly is not an interest that the Fourth Amendment protects." *Gauger v. Hendle*, 349 F.3d 354, 363 (2003). To the extent plaintiff relies on the Fourth Amendment's "unreasonable seizure" provision, his malicious prosecution claim is redundant of his false arrest claim (Count II). *See Newsome*, 256 F. 3d at 751; *see also Wiley v. City of Chicago*, 361 F.3d 994, 998 (7 Cir. 2004) ("[W]e have held that

the scope of a Fourth Amendment claim is limited up until the point of arraignment."). In sum,

plaintiff's "Fourth Amendment malicious prosecution" claim is nothing but the combination of a

redundant Fourth Amendment false arrest claim and an unviable state law malicious prosecution

claim; therefore, it warrants dismissal.

## CONCLUSION

For the reasons set forth above, this Court should dismiss, with prejudice, plaintiff's

Section 1983 malicious prosecution claim (Count V).

Accordingly, defendants request this Court to enter an order dismissing, with prejudice,

plaintiff's Section 1983 malicious prosecution claim and grant any other relief as this Court

deems necessary and appropriate.

                              Respectfully submitted,


July 8, 2008                          */s/ Bhairav Radia*
                                      Bhairav Radia
                                      Assistant Corporation Counsel, City of Chicago
                                      Attorney for defendants Evangelides and Fieser

30 North LaSalle Street
Suite 1020
Chicago, Illinois 60602
(312) 744-6919

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED: MAY 4, 2008
08 CV 2533    JH
JUDGE HIBBLER
MAGISTRATE JUDGE DENLO

TERENCE TRIBBLE,

              **Plaintiff,**

    v.

NICHOLAS J. EVANGELIDES and
ROGER L. FIESER,

              **Defendants.**

)
)
)
)
)
)
)
)
)
)
)

**Case No.** _____

**Judge** _____

**Magistrate Judge** _____

**JURY TRIAL DEMANDED**

## CIVIL RIGHTS COMPLAINT

Plaintiff, TERRENCE TRIBBLE, by and through his attorney, Irene K. Dymkar, complaining against defendants, states as follows:

## NATURE OF CLAIM

1.    This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. §1983), to redress deprivations of the civil rights of plaintiff through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiff of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

## JURISDICTION AND VENUE

2.    Jurisdiction is based upon 28 U.S.C. Sections §§1343, 1331, and 1367.

3.    Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

**PARTIES**

4.      At all times herein mentioned, plaintiff was and is a citizen of the United States and resides within the jurisdiction of the court.

5.      At all times herein mentioned, individual defendants NICHOLAS J. EVANGELIDES (hereinafter EVANGELIDES) and ROGER L. FIESER (hereinafter FIESER) were officers in the Chicago Police Department and were acting under color of state law and as the employees or agents of the City of Chicago, Illinois.  They are being sued in their individual capacity.

**STATEMENT OF FACTS**

6.      On May 14, 2006, at approximately 8:30 PM, plaintiff, TERENCE TRIBBLE, was lawfully at a gathering of family and friends at 1649 S. Homan Avenue in Chicago, Illinois, and engaged in lawful conduct, when defendants EVANGELIDES and FIESER stopped him without reasonable suspicion or legal cause.

7.      Plaintiff was searched and placed under custodial arrest, despite the fact there was no warrant for his arrest and no probable cause to believe that he had committed a crime.

8.      Defendants caused a false felony drug charge and a false charge of drinking on a public way to be filed against plaintiff.  Plaintiff was booked, processed, and formally charged with said charges.

9.      Plaintiff, TERENCE TRIBBLE, was wrongfully incarcerated for approximately 12 days.

10.     The drinking on a public way charge was nonsuited.  At a suppression hearing based upon plaintiff's assertion that he had been arrested without probable cause, the

2

criminal court judge made a finding of no probable cause and quashed the arrest.  The false

drug charge against plaintiff was dismissed.

11.    By reason of the above-described acts and omissions of the individual

defendants, plaintiff sustained injuries, humiliation, and indignities, and suffered great

physical, mental, and emotional pain and suffering, all to his damage.  He also incurred fees

in retaining an attorney to defend him in criminal court.

12.    The aforementioned acts of the individual defendants were willful, wanton,

malicious, oppressive, and done with reckless indifference to and/or callous disregard for

plaintiff's rights and justify the awarding of exemplary and punitive damages.

13.    By reason of the above-described acts and omissions of the individual

defendants, plaintiff was required to retain an attorney to institute, prosecute, and render

legal assistance to him in the within action, so that he might vindicate the loss and

impairment of their rights.  By reason thereof, plaintiff requests payment by the individual

defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal

Access to Justice Act, or any other provision set by law.

## COUNT I
### Plaintiff Against Individual Defendants for Illegal Stop

14.    Plaintiff, TERENCE TRIBBLE,  incorporates and realleges paragraphs

1 – 13, as though set forth herein in their entirety.

15.    The stop of plaintiff by the individual defendants was without reasonable

suspicion that plaintiff was involved in any criminal activity and without any other legal cause.

3

16.     By reason of the conduct of the individual defendants, plaintiff, TERENCE
TRIBBLE, was deprived of rights, privileges and immunities secured to him by the Fourth and
Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.
Therefore, defendants EVANGELIDES and FIESER, and each of them, is liable to plaintiff
pursuant to 42 U.S.C. §1983.

## COUNT II
### Plaintiff Against Individual Defendants for False Arrest

17.     Plaintiff, TERENCE TRIBBLE, incorporates and realleges paragraphs
1 – 13, as though set forth herein in their entirety.

18.     The arrest and incarceration of plaintiff, TERENCE TRIBBLE, by the
individual defendants for the purpose of charging him with false crimes were without probable
cause and unreasonable.

19.     By reason of the conduct of the individual defendants, plaintiff, TERENCE
TRIBBLE, was deprived of rights, privileges and immunities secured to him by the Fourth and
Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.
Therefore, defendants EVANGELIDES and FIESER, and each of them, is liable to plaintiff
pursuant to 42 U.S.C. §1983.

## COUNT III
### Plaintiff Against Individual Defendants for Illegal Search

20.     Plaintiff, TERENCE TRIBBLE, incorporates and realleges paragraphs
1 – 13, as though set forth herein in their entirety.

4

21.     The search of the person of plaintiff, TERENCE TRIBBLE, was without probable cause and unreasonable.

22.     By reason of the conduct of the individual defendants, plaintiff, TERENCE TRIBBLE, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants EVANGELIDES and FIESER, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT IV
### Plaintiff Against Individual Defendants for Due Process Violations

23.     Plaintiff, TERENCE TRIBBLE, incorporates and realleges paragraphs 1 – 13, as though set forth herein in their entirety.

24.     The individual defendants deprived plaintiff of fair criminal proceedings by engaging in multiple acts which include, but are not limited to, not disclosing known exculpatory evidence, submitting false charges as contained in the criminal complaints, submitting false police reports, swearing to false statements, and otherwise acting to influence and persuade the State's Attorney to prosecute plaintiff and to deny plaintiff fair legal proceedings.

25.     These acts were directed toward plaintiff, were intentional and material, and therefore were in violation of plaintiff's due process rights.

26.     By reason of the conduct of the individual defendants, plaintiff, TERENCE TRIBBLE, was deprived of rights, privileges and immunities secured to him by the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and laws

5

enacted thereunder. Therefore, defendants EVANGELIDES and FIESER, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT V
**Plaintiff Against Individual Defendants for Fourth Amendment Malicious Prosecution**

27.    Plaintiff, TERENCE TRIBBLE, incorporates and realleges paragraphs 1 – 13, as though set forth herein in their entirety.

28.    The individual defendants maliciously and wrongfully instituted legal proceedings, causing criminal charges to be filed and prosecuted against plaintiff. The criminal proceedings were commenced and continued maliciously.

29.    The individual defendants facilitated this malicious prosecution by falsifying evidence, creating false police reports, falsifying written criminal charges, and making false and perjured statements under oath.

30.    Plaintiff was wrongfully incarcerated for approximately 12 days as a result of the prosecution of these criminal charges.

31.    Plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.

32.    The criminal proceedings were terminated in plaintiff's favor.

33.    By reason of the conduct of the individual defendants, plaintiff, TERENCE TRIBBLE, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants EVANGELIDES and FIESER, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

6

WHEREFORE, plaintiff, TERENCE TRIBBLE, by and through his attorney,

Irene K. Dymkar, requests judgment as follows against the defendants on each and every claim:

    A.    That defendants be required to pay plaintiff general damages, including emotional distress, in a sum to be ascertained at a trial of this matter,

    B.    That defendants be required to pay plaintiff special damages,

    C.    That defendants be required to pay plaintiff attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

    D.    That defendants be required to pay plaintiff exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

    E.    That defendants be required to pay plaintiff costs of the suit herein incurred, and

    F.    That plaintiff be granted such other and further relief as this Court may deem just and proper

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY.**

Dated: May 4, 2008

        /s Irene K. Dymkar
        Irene K. Dymkar

Irene K. Dymkar
Attorney for Plaintiff
300 W. Adams Street, Suite 330
Chicago, IL 60606-5107
(312) 345-0123

# EXHIBIT B

Page: 1 Document Name: untitled

PAGE: 001 OF 004       PROD

CASE: 0611119385O1 S  (START OF CASE       )
DEFENDANT NAME: TERENCE L TRIBBLE
GENERAL INFORMATION
CB: O16535249 IR: 0776208 SID:              FBI:              RD: HM350942

ATTORNEY INFORMATION       -- NO ATTORNEYS ASSOC W/CASE --

CHARGE INFORMATION

| NBR | A | TYPE | CLASS | CHAPTER/SECTION | DESCRIPTION |
|-----|---|------|-------|-----------------|-------------|
| 001 |   | F    |       | 720-570/402-C   | PCS - POSSESSION - LESS T |
| 002 |   | Q    |       | 8-4-030         | DRINKING ALCOHOL ON THE P |
| 003 |   | F    |       | 720-570/402-C   | PCS - POSSESSION - LESS T |

DISPOSITION INFORMATION

051506-
PROBABLE CAUSE TO DETAIN
COGHLAN, MATTHEW E.
BRANCH 1      RM 111

ENTER=CONTINUE PF3=RETURN PF7=BKWRD PF8=FRWD PF10=RESET PF12=PRINT CLEAR=EXIT
=> PRINT THE FOLLOWING PAGES PAGE: 001 THRU 004 DESTINATION ____

Date: 6/17/2008 Time: 03:43:18 PM

Page: 1 Document Name: untitled

CASE: 0611193B501 S   (START OF CASE                    )                PAGE: 002 OF 004        PROD
DEFENDANT NAME: TERENCE  L TRIBBLE

051506-
BAIL AMOUNT SET                                        $25000
COGHLAN, MATTHEW E.
BRANCH 1      RM 111

051506-
DEF DEMAND FOR TRIAL
COGHLAN, MATTHEW E.
BRANCH 1      RM 111

051506-
MOTION STATE  - CONTINUANCE -MS   060806     1250
COGHLAN, MATTHEW E.
BRANCH 1      RM 111

                                   0900 AM

ENTER=CONTINUE PF3=RETURN PF7=BKWRD PF8=FRWD PF10=RESET PF12=PRINT CLEAR=EXIT
=> PRINT THE FOLLOWING PAGES PAGE: 001 THRU 004 DESTINATION ____

Date: 6/17/2008 Time: 03:43:37 PM

Page: 1 Document Name: untitled

CASE: 061119385O1 S   (START OF CASE                    )
DEFENDANT NAME: TERENCE L TRIBBLE

PAGE: 003 OF  004        PROD

060806-
APPEARANCE FILED
DESIERTO ISREAL ABAYA
BRANCH 50         RM 2

060806-
FINDING NO PROB CAUSE - DISMSD                         C001
DESIERTO ISREAL ABAYA
BRANCH 50         RM 2

060806-
DEF DEMAND FOR TRIAL
DESIERTO ISREAL ABAYA
BRANCH 50         RM 2

060806-
CASH BOND REFUND TO ATTORNEY                           B001
DESIERTO ISREAL ABAYA
BRANCH 50         RM 2

ENTER=CONTINUE PF3=RETURN PF7=BKWRD PF8=FRWD PF10=RESET PF12=PRINT CLEAR=EXIT
=> PRINT THE FOLLOWING PAGES PAGE: 001 THRU 004 DESTINATION ____

Date:  6/17/2008 Time:  03:43:41 PM

Page: 1 Document Name: untitled

CASE: 061119385O1 S   (START OF CASE          )          PAGE: 003 OF 004      PROD
DEFENDANT NAME: TERENCE                L TRIBBLE
060806-
APPEARANCE FILED
DESIERTO ISREAL ABAYA
BRANCH 50          RM 2

060806-
FINDING NO PROB CAUSE - DISMSD                                    C001
DESIERTO ISREAL ABAYA
BRANCH 50          RM 2

060806-
DEF DEMAND FOR TRIAL
DESIERTO ISREAL ABAYA
BRANCH 50          RM 2

060806-
CASH BOND REFUND TO ATTORNEY                                      B001
DESIERTO ISREAL ABAYA
BRANCH 50          RM 2

ENTER=CONTINUE PF3=RETURN PF7=BKWRD PF8=FRWRD PF10=RESET PF12=PRINT CLEAR=EXIT
=> PRINT THE FOLLOWING PAGES PAGE: 001 THRU 004 DESTINATION ____

Date: 6/17/2008 Time: 03:43:45 PM

Page: 1  Document Name: untitled

CASE: 061119385O1 S  (START OF CASE                    )      PAGE: 004 OF  004      PROD
DEFENDANT NAME: TERENCE                L TRIBBLE

060806-
NON-SUIT                                                                        C002
DESIERTO ISREAL ABAYA
BRANCH 50          RM 2

060806-
FINDING NO PROB CAUSE  -  DISMSD                                                C003
DESIERTO ISREAL ABAYA
BRANCH 50          RM 2

END OF FILE

ENTER=CONTINUE PF3=RETURN PF7=BKWRD PF8=FRWD PF10=RESET PF12=PRINT CLEAR=EXIT
=> PRINT THE FOLLOWING PAGES PAGE: 001 THRU 004 DESTINATION ──────