IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TERENCE TRIBBLE, | ) | |
| | ) | No. 08 C 2533 |
| Plaintiff, | ) | |
| | ) | Judge Hibbler |
| v. | ) | |
| | ) | Magistrate Judge Denlow |
| NICHOLAS J. EVANGELIDES and | ) | |
| ROGER L. FIESER, | ) | |
| | ) | Jury Trial Demanded |
| Defendants. | ) | |

### DEFENDANTS' ANSWER, DEFENSES AND
### JURY DEMAND TO PLAINTIFF'S COMPLAINT

Defendants Nicholas Evangelides and Roger Fieser (collectively "defendants"), by one of their attorneys, Bhairav Radia, Assistant Corporation Counsel for the City of Chicago, answer plaintiff's complaint as follows:

### NATURE OF CLAIM

1.  This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. §1983), to redress deprivations of the civil rights of plaintiff through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiff of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

ANSWER: Defendants admit that plaintiff brings this action under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. §1983), but deny the remaining allegations in this paragraph and deny any wrongdoing.

### JURISDICTION AND VENUE

2.  Jurisdiction is based upon 28 U.S.C. Sections §§1343, 1331, and 1367.

ANSWER: Defendants admit that jurisdiction is proper.

3.     Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. § 1391, because all events or omissions giving rise to this claim occurred in this district.

ANSWER:    Defendants admit that venue is proper.

## PARTIES

4.     At all times herein mentioned, plaintiff was and is a citizen of the United States and resides within the jurisdiction of the court.

ANSWER:    Upon information and belief, defendants admit the allegations in this paragraph.

5.     At all times herein mentioned, individual defendants Nicholas J. Evangelides (hereinafter Evangelides) and Roger L. Fieser (hereinafter Fieser) were officers of the Chicago Police Department and were acting under color of state law and as the employees or agents of the City of Chicago, Illinois. They are being sued in their individual capacity.

ANSWER:    Defendants admit the allegations in this paragraph, but deny any wrongdoing.

## STATEMENT OF FACTS

6.     On May 14, 2006, at approximately 8:30 p.m., plaintiff, Terence Tribble, was lawfully at a gathering of family and friends at 1649 S. Homan Avenue in Chicago, Illinois, and engaged in lawful conduct, when defendants Evangelides and Fieser stopped him without reasonable suspicion or legal cause.

ANSWER:    Defendants admit that on May 14, 2006, at approximately 8:50 p.m., plaintiff was on the street at 1641 S. Homan Avenue in Chicago, Illinois. Defendants deny the remaining allegations in this paragraph.

7.     Plaintiff was searched and placed under custodial arrest, despite the fact there was no warrant for his arrest and no probable cause to believe that he had committed a crime.

ANSWER:    Defendants admit that they searched plaintiff and placed plaintiff under custodial arrest. Defendants further admit that there was no warrant for plaintiff's arrest. Defendants deny the remaining allegations in this paragraph.

8. Defendants caused a false felony drug charge and a false charge of drinking on a public way to be filed against plaintiff. Plaintiff was booked, processed, and formally charged with said charges.

ANSWER: Defendants admit that they arrested plaintiff for possession of controlled substances and for drinking alcohol in a public way, and helped process plaintiff's arrest. Defendants deny the remaining allegations in this paragraph.

9. Plaintiff, Terence Tribble, was wrongfully incarcerated for approximately 12 days.

ANSWER: Defendants deny that plaintiff was wrongfully incarcerated. Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

10. The drinking on a public way charge was non-suited. At a suppression hearing based upon Plaintiff's assertion that he had been arrested without probable cause, the criminal court judge made a finding of no probable cause and quashed the arrest. The false drug charge against plaintiff was dismissed.

ANSWER: Defendants admit that the drinking on a public way charge was non-suited. Defendants further admit that the criminal court judge made a finding of no probable cause for plaintiff's arrest and that the charges against plaintiff for possession of controlled substances were dismissed. Defendants deny the remaining allegations in this paragraph.

11. By reason of the above-described acts and omissions of the individual defendants, plaintiff sustained injuries, humiliation, and indignities, and suffered great physical, mental, and emotional pain and suffering, all to his damage. He also incurred fees in retaining an attorney to defend him in criminal court.

ANSWER: Defendants deny the allegations in this paragraph.

12. The aforementioned acts of the individual defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify the awarding of exemplary and punitive damages.

ANSWER: Defendants deny the allegations in this paragraph.

13.    By reason of the above-described acts and omissions of the individual defendants, plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action, so that he might vindicate the loss and impairment of their rights. By reason thereof, plaintiff requests payment by the individual defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. § 1988, the Equal Access to Justice Act, or any other provision set by law.

ANSWER:    Defendants deny the allegations in this paragraph.

## COUNT I
### Plaintiff against Individual Defendants for Illegal Stop

14.    Plaintiff, Terence Tribble, incorporates and re-alleges paragraphs 1-13, as though set forth herein in their entirety.

ANSWER:    Defendants incorporate their answers to paragraphs 1-13 as if fully stated here.

15.    The stop of Plaintiff by the individual defendants was without reasonable suspicion that plaintiff was involved in any criminal activity and without any other legal cause.

ANSWER:    Defendants deny the allegations in this paragraph.

16.    By reason of the conduct of the individual defendants, Plaintiff, Terence Tribble, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants Evangelides and Fieser, and each of them, is liable to plaintiff pursuant to 42 U.S.C. § 1983.

ANSWER:    Defendants deny the allegations in this paragraph.

## COUNT II
### Plaintiff against Individual Defendants for False Arrest

17.    Plaintiff, Terence Tribble, incorporates and re-alleges paragraphs 1-13, as though set forth herein in their entirety.

ANSWER:    Defendants incorporate their answers to paragraphs 1-13 as if fully stated here.

18.    The arrest and incarceration of Plaintiff, Terence Tribble, by the individual defendants for the purpose of charging him with false crimes were without probable cause and unreasonable.

ANSWER:    Defendants deny the allegations in this paragraph.

19. By reason of the conduct of the individual defendants, plaintiff, Terence Tribble, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants Evangelides and Fieser, and each of them, is liable to plaintiff pursuant to 42 U.S.C. § 1983.

ANSWER:   Defendants deny the allegations in this paragraph.

## COUNT III
### Plaintiff against Individual Defendants for Illegal Search

20. Plaintiff, Terence Tribble, incorporates and re-alleges paragraphs 1-13, as though set forth herein in their entirety.

ANSWER:   Defendants incorporate their answers to paragraphs 1-13 as if fully stated here.

21. The search of the person of plaintiff, Terence Tribble, was without probable cause and unreasonable.

ANSWER:   Defendants deny the allegations in this paragraph.

22. By reason of the conduct of the individual defendants, plaintiff, Terence Tribble, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants Evangelides and Fieser, and each of them, is liable to plaintiff pursuant to 42 U.S.C. § 1983.

ANSWER:   Defendants deny the allegations in this paragraph.

## COUNT IV
### Plaintiff against Individual Defendants for Due Process Violations

23. Plaintiff, Terence Tribble, incorporates and realleges paragraphs 1-13, as though set forth herein in their entirety.

ANSWER:   Defendants incorporate their answers to paragraphs 1-13 as if fully stated here.

24. The individual defendants deprived plaintiff of fair criminal proceedings by engaging in multiple acts which include, but are not limited to, not disclosing known exculpatory evidence, submitting false charges as contained in the criminal complaints, submitting false police reports, swearing to false statements, and otherwise acting to influence and persuade the State's Attorney to prosecute plaintiff and to deny plaintiff fair legal proceedings.

ANSWER:    Defendants deny the allegations in this paragraph.

25.    These acts were directed toward plaintiff, were intentional and material, and therefore were in violation of plaintiff's due process rights.

ANSWER:    Defendants deny the allegations in this paragraph.

26.    By reason of the conduct of the individual defendants, plaintiff, Terence Tribble, was deprived of rights, privileges and immunities secured to him by the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants Evangelides and Fieser, and each of them, is liable to plaintiff pursuant to 42 U.S.C. § 1983.

ANSWER:    Defendants deny the allegations in this paragraph.

## COUNT V
**Plaintiff against Individual Defendants for Fourth Amendment Malicious Prosecution**

27.    Plaintiff, Terence Tribble, incorporates and realleges paragraphs 1-13, as though set forth herein in their entirety.

ANSWER:    Defendants incorporate their answers to paragraphs 1-13 as if fully stated here.

28.    The individual defendants maliciously and wrongfully instituted legal proceedings, causing criminal charges to be filed and prosecuted against plaintiff. The criminal proceedings were commenced and continued maliciously.

ANSWER:    Defendants have filed, contemporaneously with this answer, a motion to dismiss plaintiff's Fourth Amendment malicious prosecution claim (Count V), and accordingly, does not answer this paragraph at this time.

29.    The individual defendants facilitated this malicious prosecution by falsifying evidence, creating false police reports, falsifying written criminal charges, and making false and perjured statements under oath.

ANSWER:    Defendants have filed, contemporaneously with this answer, a motion to dismiss plaintiff's Fourth Amendment malicious prosecution claim (Count V), and accordingly, does not answer this paragraph at this time.

30. Plaintiff was wrongfully incarcerated for approximately 12 days as a result of the prosecution of these criminal charges.

ANSWER: Defendants have filed, contemporaneously with this answer, a motion to dismiss plaintiff's Fourth Amendment malicious prosecution claim (Count V), and accordingly, does not answer this paragraph at this time.

31. Plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.

ANSWER: Defendants have filed, contemporaneously with this answer, a motion to dismiss plaintiff's Fourth Amendment malicious prosecution claim (Count V), and accordingly, does not answer this paragraph at this time.

32. The criminal proceedings were terminated in plaintiff's favor.

ANSWER: Defendants have filed, contemporaneously with this answer, a motion to dismiss plaintiff's Fourth Amendment malicious prosecution claim (Count V), and accordingly, does not answer this paragraph at this time.

33. By reason of the conduct of the individual defendants, plaintiff, Terence Tribble, was deprived of rights, privileges and immunities secured to him by the Fourth and Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants Evangelides and Fieser, and each of them, is liable to plaintiff pursuant to 42 U.S.C. § 1983.

ANSWER: Defendants have filed, contemporaneously with this answer, a motion to dismiss plaintiff's Fourth Amendment malicious prosecution claim (Count V), and accordingly, does not answer this paragraph at this time.

WHEREFORE, defendants pray that this Court enter judgment in their favor on plaintiff's complaint, award defendants such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## FIRST AFFIRMATIVE DEFENSE

Defendants are government officials who perform discretionary functions. As to the federal claims against defendants, at all times material to the events alleged in plaintiff's complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted defendants could have believed their actions to be lawful, in light of clearly established law and the information that defendants possessed. Defendants, therefore, are entitled to qualified immunity as a matter of law.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has a duty to mitigate any of his claimed injuries or damages in this case, and to the extent he has failed to do so, any verdict or judgement he obtains must be reduced accordingly.

## JURY DEMAND

Defendants request trial by jury.

Respectfully submitted,

July 8, 2008                    By:    */s/Bhairav Radia*
                                       Bhairav Radia
                                       Assistant Corporation Counsel, City of Chicago
                                       Attorney for Defendants Evangelides and Fieser

30 North LaSalle Street, Suite 1020
Chicago, Illinois 60602
(312) 744-6919

## **CERTIFICATE OF SERVICE**

      I certify that I caused to be served a true copy of **Defendants' Answer, Defenses and Jury Demand to Plaintiff's Complaint** on the following attorney of record through the United States District Court for the Northern District of Illinois, Eastern Division's electronic case filing system, on July 8, 2008.

    Irene Dymkar
    300 West Adams
    Suite 330
    Chicago, IL 60606

                                              */s/ Bhairav Radia*
                                              Bhairav Radia
                                              Assistant Corporation Counsel

30 North LaSalle Street
Suite 1020
Chicago, Illinois 60602
(312) 744-6919