FILED
JULY 15, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TERENCE TRIBBLE, | ) | |
| | ) | No. 08 C 2533 |
| Plaintiff, | ) | |
| | ) | Judge Hibbler |
| v. | ) | |
| | ) | Magistrate Judge Denlow |
| NICHOLAS J. EVANGELIDES and | ) | |
| ROGER L. FIESER, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S MALICIOUS PROSECUTION CLAIM

Defendants Evangelides and Fieser (collectively "defendants"), by one of their attorneys, Bhairav Radia, Assistant Corporation Counsel for the City of Chicago, move this Court under Federal Rule of Civil Procedure 12(b)(6) to dismiss, with prejudice, plaintiff's Section 1983 malicious prosecution claim (Count V). In support of their motion, defendants state as follows:

### INTRODUCTION

On May 14, 2006, plaintiff was allegedly stopped, searched, and arrested without a warrant or legal cause by defendants, who are Chicago police officers. *See* plaintiff's complaint ("Complaint"), ¶¶1-13 (attached hereto as Exhibit A). Plaintiff filed the complaint in this action on May 4, 2008, alleging, among other federal claims under 42 U.S.C. § 1983 ("Section 1983"), a Fourth Amendment malicious prosecution claim (Count V). Complaint, ¶¶ 27-33. Plaintiff alleges no state-law claims against defendants in his complaint. *See* Complaint, ¶¶ 1-33.

### LEGAL STANDARD

The Court may dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). For a

complaint to adequately state a claim that entitles the plaintiff to relief, it must meet two requirements. *E.E.O.C v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). First, the complaint must give the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (citing *Bell Atlantic Corp. v. Twombley*, 127 S.Ct. 1955, 1964 (2007)). Second, the complaint's allegations "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *Id.* at 776-77 (citing *Bell Atlantic*, 127 S.Ct. at 1965). In considering a motion to dismiss, the Court must assume as true all well-pleaded allegations in the complaint and construe all reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel*, 361 F.3d 998, 1001 (7th Cir. 2004). Nevertheless, a court may take judicial notice of matters of public record. *Palay v. U.S.*, 349 F.3d 418, 425 n. 5 (7 Cir. 2003).

## ARGUMENT

### PLAINTIFF'S MALICIOUS PROSECUTION CLAIM IS NOT ACTIONABLE UNDER 1983 WHEN ILLINOIS PROVIDES A REMEDY FOR MALICIOUS PROSECUTION

Plaintiff cannot bring a malicious prosecution claim under Section 1983 when state law provides a remedy for the tort of malicious prosecution. *Newsome v. McCabe*, 256 F.3d 747, 750-51 (7th Cir. 2001) (en banc). In *Newsome*, the Seventh Circuit emphasized that "the existence of a tort claim under state law knocks out any constitutional theory of malicious prosecution." *Id.* at 750. *see also McCann v. Mangialardi*, 337 F.3d 782, 786 (7th Cir. 2003) (same). Illinois allows common law tort actions for malicious prosecution. *See Ferguson v. City of Chicago*, 820 N.E.2d 455, 459 (Ill. 2004). Thus, plaintiff should have brought his malicious prosecution claim against defendants under Illinois law, not Section 1983. *See Newsome*, 256 F.3d at 751. Accordingly, plaintiff's malicious prosecution claim should be dismissed. *See Truesdale v.*

*Guerra*, 2008 WL 1968773, *4 (N.D. Ill. May 1, 2008) (citing *Newsome* and *McCann* in dismissing plaintiff's Section 1983 malicious prosecution claim).

Plaintiff cannot bring a malicious prosecution claim under Illinois law, however, because his claim is time-barred. State law tort claims against Illinois local governmental entities and their employees are governed by a one-year statute of limitations. 745 Ill. Comp. Stat. 10/8-101 (West 2000). Under Illinois law, "[a] cause of action for malicious prosecution does not accrue until the criminal proceeding on which it is based has been terminated in the plaintiff's favor." *Ferguson,* 820 N.E.2d at 459 (Ill. 2004) (citations omitted). In this case, criminal charges against plaintiff were dismissed on June 8, 2006. *See* Docket Report for *People of the State of Illinois v. Terence Tribble*, Case No. 06111938501, attached as Exhibit B). Accordingly, the criminal proceedings against the plaintiff terminated, and his cause of action for malicious prosecution accrued, on June 8, 2006. Under the one-year statute of limitations, plaintiff had one year from June 8, 2006, to file his malicious prosecution claim against defendants. Plaintiff did not file his complaint, however, until May 4, 2008, several months after the one-year statute of limitations period expired. Therefore, plaintiff's potential malicious prosecution claim against defendants is untimely under Illinois law.

This Court should reject plaintiff's attempt to do an end run around the state statute of limitations by relabeling his unviable state law malicious prosecution claim as a Fourth Amendment "malicious prosecution" claim. "[T]he interest in not being prosecuted groundlessly is not an interest that the Fourth Amendment protects." *Gauger v. Hendle*, 349 F.3d 354, 363 (2003). To the extent plaintiff relies on the Fourth Amendment's "unreasonable seizure" provision, his malicious prosecution claim is redundant of his false arrest claim (Count II). *See Newsome*, 256 F. 3d at 751; *see also Wiley v. City of Chicago*, 361 F.3d 994, 998 (7 Cir. 2004) ("[W]e have held that

the scope of a Fourth Amendment claim is limited up until the point of arraignment."). In sum, plaintiff's "Fourth Amendment malicious prosecution" claim is nothing but the combination of a redundant Fourth Amendment false arrest claim and an unviable state law malicious prosecution claim; therefore, it warrants dismissal.

## CONCLUSION

For the reasons set forth above, this Court should dismiss, with prejudice, plaintiff's Section 1983 malicious prosecution claim (Count V).

Accordingly, defendants request this Court to enter an order dismissing, with prejudice, plaintiff's Section 1983 malicious prosecution claim and grant any other relief as this Court deems necessary and appropriate.

Respectfully submitted,

July 8, 2008

/s/ Bhairav Radia
Bhairav Radia
Assistant Corporation Counsel, City of Chicago
Attorney for defendants Evangelides and Fieser

30 North LaSalle Street
Suite 1020
Chicago, Illinois 60602
(312) 744-6919

# EXHIBIT A

Case 1:08-cv-02533    Document 7-3    Filed 07/08/2008    Page 5 of 18

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED: MAY 4, 2008
08 CV 2533    JH
JUDGE HIBBLER
MAGISTRATE JUDGE DENLO

| | |
|---|---|
| TERENCE TRIBBLE, <br><br>           Plaintiff, <br><br> v. <br><br> NICHOLAS J. EVANGELIDES and ROGER L. FIESER, <br><br>           Defendants. | ) Case No. _____ <br> ) <br> ) Judge _____ <br> ) <br> ) Magistrate Judge _____ <br> ) <br> ) JURY TRIAL DEMANDED <br> ) |

## CIVIL RIGHTS COMPLAINT

Plaintiff, TERRENCE TRIBBLE, by and through his attorney, Irene K. Dymkar, complaining against defendants, states as follows:

### NATURE OF CLAIM

1. This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. §1983), to redress deprivations of the civil rights of plaintiff through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiff of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

### JURISDICTION AND VENUE

2. Jurisdiction is based upon 28 U.S.C. Sections §§1343, 1331, and 1367.

3. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

## PARTIES

4. At all times herein mentioned, plaintiff was and is a citizen of the United States and resides within the jurisdiction of the court.

5. At all times herein mentioned, individual defendants NICHOLAS J. EVANGELIDES (hereinafter EVANGELIDES) and ROGER L. FIESER (hereinafter FIESER) were officers in the Chicago Police Department and were acting under color of state law and as the employees or agents of the City of Chicago, Illinois. They are being sued in their individual capacity.

## STATEMENT OF FACTS

6. On May 14, 2006, at approximately 8:30 PM, plaintiff, TERENCE TRIBBLE, was lawfully at a gathering of family and friends at 1649 S. Homan Avenue in Chicago, Illinois, and engaged in lawful conduct, when defendants EVANGELIDES and FIESER stopped him without reasonable suspicion or legal cause.

7. Plaintiff was searched and placed under custodial arrest, despite the fact there was no warrant for his arrest and no probable cause to believe that he had committed a crime.

8. Defendants caused a false felony drug charge and a false charge of drinking on a public way to be filed against plaintiff. Plaintiff was booked, processed, and formally charged with said charges.

9. Plaintiff, TERENCE TRIBBLE, was wrongfully incarcerated for approximately 12 days.

10. The drinking on a public way charge was nonsuited. At a suppression hearing based upon plaintiff's assertion that he had been arrested without probable cause, the

criminal court judge made a finding of no probable cause and quashed the arrest. The false drug charge against plaintiff was dismissed.

11. By reason of the above-described acts and omissions of the individual defendants, plaintiff sustained injuries, humiliation, and indignities, and suffered great physical, mental, and emotional pain and suffering, all to his damage. He also incurred fees in retaining an attorney to defend him in criminal court.

12. The aforementioned acts of the individual defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify the awarding of exemplary and punitive damages.

13. By reason of the above-described acts and omissions of the individual defendants, plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action, so that he might vindicate the loss and impairment of their rights. By reason thereof, plaintiff requests payment by the individual defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I
### Plaintiff Against Individual Defendants for Illegal Stop

14. Plaintiff, TERENCE TRIBBLE, incorporates and realleges paragraphs 1 – 13, as though set forth herein in their entirety.

15. The stop of plaintiff by the individual defendants was without reasonable suspicion that plaintiff was involved in any criminal activity and without any other legal cause.

16. By reason of the conduct of the individual defendants, plaintiff, TERENCE TRIBBLE, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants EVANGELIDES and FIESER, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT II
### Plaintiff Against Individual Defendants for False Arrest

17. Plaintiff, TERENCE TRIBBLE, incorporates and realleges paragraphs 1 – 13, as though set forth herein in their entirety.

18. The arrest and incarceration of plaintiff, TERENCE TRIBBLE, by the individual defendants for the purpose of charging him with false crimes were without probable cause and unreasonable.

19. By reason of the conduct of the individual defendants, plaintiff, TERENCE TRIBBLE, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants EVANGELIDES and FIESER, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT III
### Plaintiff Against Individual Defendants for Illegal Search

20. Plaintiff, TERENCE TRIBBLE, incorporates and realleges paragraphs 1 – 13, as though set forth herein in their entirety.

21. The search of the person of plaintiff, TERENCE TRIBBLE, was without probable cause and unreasonable.

22. By reason of the conduct of the individual defendants, plaintiff, TERENCE TRIBBLE, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants EVANGELIDES and FIESER, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT IV
### Plaintiff Against Individual Defendants for Due Process Violations

23. Plaintiff, TERENCE TRIBBLE, incorporates and realleges paragraphs 1 – 13, as though set forth herein in their entirety.

24. The individual defendants deprived plaintiff of fair criminal proceedings by engaging in multiple acts which include, but are not limited to, not disclosing known exculpatory evidence, submitting false charges as contained in the criminal complaints, submitting false police reports, swearing to false statements, and otherwise acting to influence and persuade the State's Attorney to prosecute plaintiff and to deny plaintiff fair legal proceedings.

25. These acts were directed toward plaintiff, were intentional and material, and therefore were in violation of plaintiff's due process rights.

26. By reason of the conduct of the individual defendants, plaintiff, TERENCE TRIBBLE, was deprived of rights, privileges and immunities secured to him by the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and laws

enacted thereunder. Therefore, defendants EVANGELIDES and FIESER, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT V
### Plaintiff Against Individual Defendants for Fourth Amendment Malicious Prosecution

27. Plaintiff, TERENCE TRIBBLE, incorporates and realleges paragraphs 1 – 13, as though set forth herein in their entirety.

28. The individual defendants maliciously and wrongfully instituted legal proceedings, causing criminal charges to be filed and prosecuted against plaintiff. The criminal proceedings were commenced and continued maliciously.

29. The individual defendants facilitated this malicious prosecution by falsifying evidence, creating false police reports, falsifying written criminal charges, and making false and perjured statements under oath.

30. Plaintiff was wrongfully incarcerated for approximately 12 days as a result of the prosecution of these criminal charges.

31. Plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.

32. The criminal proceedings were terminated in plaintiff's favor.

33. By reason of the conduct of the individual defendants, plaintiff, TERENCE TRIBBLE, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants EVANGELIDES and FIESER, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

WHEREFORE, plaintiff, TERENCE TRIBBLE, by and through his attorney, Irene K. Dymkar, requests judgment as follows against the defendants on each and every claim:

    A.    That defendants be required to pay plaintiff general damages, including emotional distress, in a sum to be ascertained at a trial of this matter,

    B.    That defendants be required to pay plaintiff special damages,

    C.    That defendants be required to pay plaintiff attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

    D.    That defendants be required to pay plaintiff exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

    E.    That defendants be required to pay plaintiff costs of the suit herein incurred, and

    F.    That plaintiff be granted such other and further relief as this Court may deem just and proper

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY.**


Dated: May 4, 2008　　　　　　　　　　　　　　　　　/s Irene K. Dymkar
　　　　　　　　　　　　　　　　　　　　　　　　　　Irene K. Dymkar

Irene K. Dymkar
Attorney for Plaintiff
300 W. Adams Street, Suite 330
Chicago, IL 60606-5107
(312) 345-0123

7

# EXHIBIT B

```
Page: 1  Document Name: untitled

CASE: 0611938501 S  (START OF CASE      )          PAGE: 001 OF 004    PROD
DEFENDANT NAME: TERENCE    L TRIBBLE
GENERAL INFORMATION
 CB: 016535249 IR: 0776208 SID:              FBI:          RD: HM350942

ATTORNEY INFORMATION        -- NO ATTORNEYS ASSOC W/CASE --

CHARGE INFORMATION
NBR A TYPE CLASS CHAPTER/SECTION              DESCRIPTION
001    F         720-570/402-C                PCS - POSSESSION - LESS T
002    Q         8-4-030                      DRINKING ALCOHOL ON THE P
003    F         720-570/402-C                PCS - POSSESSION - LESS T

DISPOSITION INFORMATION

051506-
PROBABLE CAUSE TO DETAIN
COGHLAN, MATTHEW E.
BRANCH 1      RM 111

ENTER=CONTINUE PF3=RETURN PF7=BKWRD PF8=FRWD PF10=RESET PF12=PRINT CLEAR=EXIT
=> PRINT THE FOLLOWING PAGES PAGE: 001 THRU 004 DESTINATION ____
```

Date: 6/17/2008  Time: 03:43:18 PM

```
Page: 1  Document Name: untitled

CASE: 0611938501 S   (START OF CASE       )        PAGE: 002 OF 004    PROD
DEFENDANT NAME: TERENCE L TRIBBLE

051506-
BAIL AMOUNT SET                                              $25000
COGHLAN, MATTHEW E.
BRANCH  1      RM 111

051506-
DEF DEMAND FOR TRIAL
COGHLAN, MATTHEW E.
BRANCH  1      RM 111

051506-
MOTION STATE - CONTINUANCE -MS       060806                   1250
COGHLAN, MATTHEW E.                  0900 AM
BRANCH  1      RM 111

ENTER=CONTINUE PF3=RETURN PF7=BKWRD PF8=FRWD PF10=RESET PF12=PRINT CLEAR=EXIT
=> PRINT THE FOLLOWING PAGES PAGE: 001 THRU 004 DESTINATION ____
```

Page: 1 Document Name: untitled

```
CASE: 0611938501 S   (START OF CASE         )           PAGE: 003 OF 004    PROD
DEFENDANT NAME: TERENCE     L TRIBBLE
060806-
APPEARANCE FILED
DESIERTO ISREAL ABAYA
BRANCH 50             RM 2

060806-
FINDING NO PROB CAUSE - DISMSD                           C001
DESIERTO ISREAL ABAYA
BRANCH 50             RM 2

060806-
DEF DEMAND FOR TRIAL
DESIERTO ISREAL ABAYA
BRANCH 50             RM 2

060806-
CASH BOND REFUND TO ATTORNEY                             B001
DESIERTO ISREAL ABAYA
BRANCH 50             RM 2

ENTER=CONTINUE PF3=RETURN PF7=BKWRD PF8=FRWD PF10=RESET PF12=PRINT CLEAR=EXIT
=> PRINT THE FOLLOWING PAGES PAGE: 001 THRU 004 DESTINATION ____
```

Date: 6/17/2008 Time: 03:43:41 PM

```
CASE: 0611938501 S    (START OF CASE    )                PAGE: 003 OF 004    PROD
DEFENDANT NAME: TERENCE  L TRIBBLE
060806-
APPEARANCE FILED
DESIERTO ISREAL ABAYA
BRANCH 50            RM 2

060806-                                                                C001
FINDING NO PROB CAUSE - DISMSD
DESIERTO ISREAL ABAYA
BRANCH 50            RM 2

060806-
DEF DEMAND FOR TRIAL
DESIERTO ISREAL ABAYA
BRANCH 50            RM 2

060806-                                                                B001
CASH BOND REFUND TO ATTORNEY
DESIERTO ISREAL ABAYA
BRANCH 50            RM 2

ENTER=CONTINUE PF3=RETURN PF7=BKWRD PF8=FRWD PF10=RESET PF12=PRINT CLEAR=EXIT
=> PRINT THE FOLLOWING PAGES PAGE: 001 THRU 004 DESTINATION ____
```

```
CASE: 061119385O1 S  (START OF CASE          )           PAGE: 004 OF 004        PROD
DEFENDANT NAME: TERENCE   L TRIBBLE

060806-
NON-SUIT                                                                    C002
DESIERTO ISREAL ABAYA
BRANCH 50         RM 2

060806-
FINDING NO PROB CAUSE - DISMSD                                              C003
DESIERTO ISREAL ABAYA
BRANCH 50         RM 2

END OF FILE

ENTER=CONTINUE PF3=RETURN PF7=BKWRD PF8=FRWD PF10=RESET PF12=PRINT CLEAR=EXIT
=> PRINT THE FOLLOWING PAGES PAGE: 001 THRU 004 DESTINATION _____
```