UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERENCE TRIBBLE, ) | |
| Plaintiff, ) | Case No. 08 C 2533 |
| ) | |
| v. ) | Judge William J. Hibbler |
| ) | |
| NICHOLAS J. EVANGELIDES, ) | Magistrate Judge Morton Denlow |
| ROGER L. FIESER, and CITY OF CHICAGO, ) | |
| ) | JURY TRIAL DEMANDED |
| Defendants. ) | |

### FIRST AMENDED CIVIL RIGHTS COMPLAINT

Plaintiff, TERRENCE TRIBBLE, by and through his attorney, Irene K. Dymkar, complaining against defendants, states as follows:

### NATURE OF CLAIM

1.      This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. §1983), to redress deprivations of the civil rights of plaintiff through acts and/or omissions of defendants committed under color of law.  Specifically here, defendants deprived plaintiff of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

2.      Additionally, plaintiff relies upon the Court's supplemental jurisdiction to assert the Illinois state claim of malicious prosecution.

### JURISDICTION AND VENUE

.       3.      Jurisdiction is based upon 28 U.S.C.§§1343, 1331, and 1367.

4. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

## PARTIES

5. At all times herein mentioned, plaintiff was and is a citizen of the United States and resides within the jurisdiction of the court.

6. At all times herein mentioned, individual defendants NICHOLAS J. EVANGELIDES (hereinafter EVANGELIDES) and ROGER L. FIESER (hereinafter FIESER) were officers in the Chicago Police Department and were acting under color of state law and as the employees or agents of the City of Chicago, Illinois. They are being sued in their individual capacity.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

## STATEMENT OF FACTS

8. On May 14, 2006, at approximately 8:30 PM, plaintiff, TERENCE TRIBBLE, was lawfully at a gathering of family and friends at 1649 S. Homan Avenue in Chicago, Illinois, and engaged in lawful conduct, when defendants EVANGELIDES and FIESER stopped him without reasonable suspicion or legal cause.

9. Plaintiff was searched and placed under custodial arrest, despite the fact there was no warrant for his arrest and no probable cause to believe that he had committed a crime.

10. Defendants caused a false felony drug charge and a false charge of drinking on a public way to be filed against plaintiff. Plaintiff was booked, processed, and formally charged with said charges.

11. Plaintiff, TERENCE TRIBBLE, was wrongfully incarcerated for approximately 12 days.

12. At a suppression hearing based upon plaintiff's assertion that he had been arrested without probable cause, the criminal court judge made a finding of no probable cause and quashed the arrest. The criminal charges remained pending; however, given the passage of time, said charges would be considered terminated favorably for plaintiff.

13. By reason of the above-described acts and omissions of the individual defendants, plaintiff sustained injuries, humiliation, and indignities, and suffered great physical, mental, and emotional pain and suffering, all to his damage. He also incurred fees in retaining an attorney to defend him in criminal court.

14. The aforementioned acts of the individual defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify the awarding of exemplary and punitive damages.

15. By reason of the above-described acts and omissions of the individual defendants, plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action, so that he might vindicate the loss and impairment of their rights. By reason thereof, plaintiff requests payment by the individual defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

## COUNT I
### Plaintiff Against Individual Defendants for Illegal Stop

16. Plaintiff, TERENCE TRIBBLE, incorporates and realleges paragraphs 1 – 15, as though set forth herein in their entirety.

17. The stop of plaintiff by the individual defendants was without reasonable suspicion that plaintiff was involved in any criminal activity and without any other legal cause.

18. By reason of the conduct of the individual defendants, plaintiff, TERENCE TRIBBLE, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants EVANGELIDES and FIESER, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT II
### Plaintiff Against Individual Defendants for False Arrest

19. Plaintiff, TERENCE TRIBBLE, incorporates and realleges paragraphs 1 – 15, as though set forth herein in their entirety.

20. The arrest and incarceration of plaintiff, TERENCE TRIBBLE, by the individual defendants for the purpose of charging him with false crimes were without probable cause and unreasonable.

21. By reason of the conduct of the individual defendants, plaintiff, TERENCE TRIBBLE, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants EVANGELIDES and FIESER, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT III
### Plaintiff Against Individual Defendants for Illegal Search

22. Plaintiff, TERENCE TRIBBLE, incorporates and realleges paragraphs 1 – 15, as though set forth herein in their entirety.

23. The search of the person of plaintiff, TERENCE TRIBBLE, was without probable cause and unreasonable.

24. By reason of the conduct of the individual defendants, plaintiff, TERENCE TRIBBLE, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants EVANGELIDES and FIESER, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT IV
### Plaintiff Against Individual Defendants for Due Process Violations

25. Plaintiff, TERENCE TRIBBLE, incorporates and realleges paragraphs 1 – 15, as though set forth herein in their entirety.

26. The individual defendants deprived plaintiff of fair criminal proceedings by engaging in multiple acts which include, but are not limited to, not disclosing known exculpatory evidence, submitting false charges as contained in the criminal complaints, submitting false police reports, swearing to false statements, and otherwise acting to influence and persuade the State's Attorney to prosecute plaintiff and to deny plaintiff fair legal proceedings.

27. These acts were directed toward plaintiff, were intentional and material, and therefore were in violation of plaintiff's due process rights.

28. By reason of the conduct of the individual defendants, plaintiff, TERENCE TRIBBLE, was deprived of rights, privileges and immunities secured to him by the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendants EVANGELIDES and FIESER, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

## COUNT V
### Plaintiff Against All Defendants for the State Supplemental Claim of Malicious Prosecution

29. Plaintiff, TERENCE TRIBBLE, incorporates and realleges paragraphs 1 – 15, as though set forth herein in their entirety.

30. The individual defendants maliciously and wrongfully instituted legal proceedings, causing criminal charges to be filed and prosecuted against plaintiff.  The criminal proceedings were commenced and continued maliciously.

31. The individual defendants facilitated this malicious prosecution by falsifying evidence, creating false police reports, falsifying written criminal charges, and making false and perjured statements under oath.

32. Plaintiff was wrongfully incarcerated for approximately 12 days as a result of the prosecution of these criminal charges.

33. Plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.

34. Given the passage of time since the criminal court's finding of no probable cause, said criminal charges would be considered terminated favorably for plaintiff.

35. The individual defendants, and each of them, is liable to plaintiff under Illinois law for the state supplemental claim of malicious prosecution.

36. Defendant CITY OF CHICAGO is liable pursuant to the doctrine of *respondeat superior*.

WHEREFORE, plaintiff, TERENCE TRIBBLE, by and through his attorney, Irene K. Dymkar, requests judgment as follows against the defendants on each and every claim:

1. That defendants be required to pay plaintiffs general damages, including emotional distress, in a sum to be ascertained at a trial of this matter,

2. That defendants be required to pay plaintiffs special damages,

3. That defendants, except CITY OF CHICAGO, be required to pay the plaintiffs attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

4. That defendants, except CITY OF CHICAGO, be required to pay plaintiffs exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

5. That defendants be required to pay plaintiffs costs of the suit herein incurred, and

6. That plaintiffs be granted such other and further relief as this Court may deem just and proper

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**.


Dated: August 4, 2008                              /s Irene K. Dymkar
                                                           Irene K. Dymkar

Irene K. Dymkar
Attorney for Plaintiff
300 W. Adams Street, Suite 330
Chicago, IL 60606-5107
(312) 345-0123

## CERTIFICATE OF SERVICE

  I, Irene K. Dymkar, an attorney, certify that on the 4th day of August, 2008, a copy of PLAINTIFF'S FIRST AMENDED COMPLAINT was served upon the attorney named below by through the Court's electronic filing system.

         Bhairav Radia
         City of Chicago, Department of Law
         30 N. LaSalle, Suite 1400
         Chicago, IL 60602

Dated: August 4, 2008          _____
                  Irene K. Dymkar