**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TERENCE TRIBBLE, | ) | |
| | ) | No. 08 C 2533 |
| Plaintiff, | ) | |
| | ) | Judge Hibbler |
| v. | ) | |
| | ) | Magistrate Judge Denlow |
| NICHOLAS J. EVANGELIDES, | ) | |
| ROGER L. FIESER, and CITY OF CHICAGO | ) | |
| | ) | Jury Trial Demanded |
| Defendants. | ) | |

**DEFENDANTS' ANSWER, DEFENSES AND JURY DEMAND
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant City of Chicago (the "City"), through its attorney Mara S. Georges, Corporation

Counsel of the City of Chicago, and defendants Nicholas Evangelides and Roger Fieser, through

their attorney, Bhairav Radia, Assistant Corporation Counsel for the City of Chicago (collectively

"defendants"), answer plaintiff's first amended complaint as follows:

**NATURE OF CLAIM**

1.       This action arises under the United States Constitution and the laws of the United
States, specifically the Civil Rights Act of 1871 (42 U.S.C. §1983), to redress deprivations of the
civil rights of plaintiff through acts and/or omissions of defendants committed under color of law.
Specifically here, defendants deprived plaintiff of his rights under the Fourth, Fifth, and Fourteenth
Amendments to the United States Constitution.

ANSWER:       Defendants admit that plaintiff brings this action under the United States Constitution

and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. §1983), but

deny the remaining allegations in this paragraph and deny any wrongdoing.

2.       Additionally, plaintiff relies upon the Court's supplemental jurisdiction to assert the
Illinois state claim of malicious prosecution.

ANSWER:       Defendants admit that plaintiff purports to rely upon the Court's supplemental

jurisdiction to assert the Illinois state claim of malicious prosecution.

## JURISDICTION AND VENUE

3.      Jurisdiction is based upon 28 U.S.C. Sections §§1343, 1331, and 1367.

ANSWER:      Defendants admit that jurisdiction is proper.

4.      Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. § 1391, because all events or omissions giving rise to this claim occurred in this district.

ANSWER:      Defendants admit that venue is proper.

## PARTIES

5.      At all times herein mentioned, plaintiff was and is a citizen of the United States and resides within the jurisdiction of the court.

ANSWER:      Upon information and belief, defendants admit the allegations in this paragraph.

6.      At all times herein mentioned, individual defendants Nicholas J. Evangelides (hereinafter Evangelides) and Roger L. Fieser (hereinafter Fieser) were officers of the Chicago Police Department and were acting under color of state law and as the employees or agents of the City of Chicago, Illinois.  They are being sued in their individual capacity.

ANSWER:      Defendants admit the allegations in this paragraph, but deny any wrongdoing.

7.      Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois.  Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

ANSWER:      Defendants admit the allegations in this paragraph

## STATEMENT OF FACTS

8.      On May 14, 2006, at approximately 8:30 p.m., plaintiff, Terence Tribble, was lawfully at a gathering of family and friends at 1649 S. Homan Avenue in Chicago, Illinois, and engaged in lawful conduct, when defendants Evangelides and Fieser stopped him without reasonable suspicion or legal cause.

ANSWER:      Defendants Evangelides and Fieser admit that on May 14, 2006, at approximately

8:50 p.m., plaintiff was on the street at 1641 S. Homan Avenue in Chicago, Illinois.  The City

admits, upon information and belief, that on May 14, 2006, at approximately 8:50 p.m., plaintiff was on the street at 1641 S. Homan Avenue in Chicago, Illinois. Defendants deny the remaining allegations in this paragraph.

9.    Plaintiff was searched and placed under custodial arrest, despite the fact there was no warrant for his arrest and no probable cause to believe that he had committed a crime.

ANSWER:    Defendants Evangelides and Fieser admit that they searched plaintiff and placed plaintiff under custodial arrest. The City admits, upon information and belief, that plaintiff was searched and placed under custodial arrest. Defendants further admit that there was no warrant for plaintiff's arrest. Defendants deny the remaining allegations in this paragraph.

10.    Defendants caused a false felony drug charge and a false charge of drinking on a public way to be filed against plaintiff. Plaintiff was booked, processed, and formally charged with said charges.

ANSWER:    Defendants Evangelides and Fieser admit that they arrested plaintiff for possession of controlled substances and for drinking alcohol in a public way, and helped process plaintiff's arrest. The City admits, upon information and belief, that defendants  Evangelides and Fieser arrested plaintiff for possession of controlled substances and for drinking alcohol in a public way, and helped process plaintiff's arrest. Defendants deny the remaining allegations in this paragraph.

11.    Plaintiff, Terence Tribble, was wrongfully incarcerated for approximately 12 days.

ANSWER:    Defendants deny that plaintiff was wrongfully incarcerated. Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

12.    At a suppression hearing based upon plaintiff's assertion that he had been arrested without probable cause, the criminal court judge made a finding of no probable cause and quashed the arrest. The criminal charges remained pending; however, given the passage of time, said charges would be considered terminated favorably for plaintiff.

ANSWER:      Upon information and belief, defendants admit that the criminal court judge made a

finding of no probable cause for plaintiff's arrest.  Defendants deny the remaining allegations in this

paragraph.

13.     By reason of the above-described acts and omissions of the individual defendants,
plaintiff sustained injuries, humiliation, and indignities, and suffered great physical, mental, and
emotional pain and suffering, all to his damage.  He also incurred fees in retaining an attorney to
defend him in criminal court.

ANSWER:      Defendants deny the allegations in this paragraph.

14.     The aforementioned acts of the individual defendants were willful, wanton, malicious,
oppressive, and done with reckless indifference to and/or callous disregard for plaintiff's rights and
justify the awarding of exemplary and punitive damages.

ANSWER:      Defendants deny the allegations in this paragraph.

15.     By reason of the above-described acts and omissions of the individual defendants,
plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to him
in the within action, so that he might vindicate the loss and impairment of their rights.  By reason
thereof, plaintiff requests payment by the individual defendants of a reasonable sum for attorneys'
fees pursuant to 42 U.S.C. § 1988, the Equal Access to Justice Act, or any other provision set by law.

ANSWER:      Defendants deny the allegations in this paragraph.

## COUNT I
### Plaintiff against Individual Defendants for Illegal Stop

The City is not a party-defendant in Count I; therefore, it does not answer the allegations in

this count.

16.     Plaintiff, Terence Tribble, incorporates and re-alleges paragraphs 1-15, as though set
forth herein in their entirety.

ANSWER:      Defendants Evangelides and Fieser incorporate their answers to paragraphs 1-15 as

if fully stated here.

17.     The stop of Plaintiff by the individual defendants was without reasonable suspicion
that plaintiff was involved in any criminal activity and without any other legal cause.

4

ANSWER:    Defendants Evangelides and Fieser deny the allegations in this paragraph.

18.    By reason of the conduct of the individual defendants, Plaintiff, Terence Tribble, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendants Evangelides and Fieser, and each of them, is liable to plaintiff pursuant to 42 U.S.C. § 1983.

ANSWER:    Defendants Evangelides and Fieser deny the allegations in this paragraph.

## COUNT II
### Plaintiff against Individual Defendants for False Arrest

The City is not a party-defendant in Count II; therefore, it does not answer the allegations in this count.

19.    Plaintiff, Terence Tribble, incorporates and re-alleges paragraphs 1-15, as though set forth herein in their entirety.

ANSWER:    Defendants Evangelides and Fieser incorporate their answers to paragraphs 1-15 as if fully stated here.

20.    The arrest and incarceration of Plaintiff, Terence Tribble, by the individual defendants for the purpose of charging him with false crimes were without probable cause and unreasonable.

ANSWER:    Defendants Evangelides and Fieser deny the allegations in this paragraph.

21.    By reason of the conduct of the individual defendants, plaintiff, Terence Tribble, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendants Evangelides and Fieser, and each of them, is liable to plaintiff pursuant to 42 U.S.C. § 1983.

ANSWER:    Defendants Evangelides and Fieser deny the allegations in this paragraph.

## COUNT III
### Plaintiff against Individual Defendants for Illegal Search

The City is not a party-defendant in Count III; therefore, it does not answer the allegations

in this count.

22.    Plaintiff, Terence Tribble, incorporates and re-alleges paragraphs 1-15, as though set forth herein in their entirety.

ANSWER:    Defendants Evangelides and Fieser incorporate their answers to paragraphs 1-15 as

if fully stated here.

23.    The search of the person of plaintiff, Terence Tribble, was without probable cause and unreasonable.

ANSWER:    Defendants Evangelides and Fieser deny the allegations in this paragraph.

24.    By reason of the conduct of the individual defendants, plaintiff, Terence Tribble, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.  Therefore, defendants Evangelides and Fieser, and each of them, is liable to plaintiff pursuant to 42 U.S.C. § 1983.

ANSWER:    Defendants Evangelides and Fieser deny the allegations in this paragraph.

## COUNT IV
### Plaintiff against Individual Defendants for Due Process Violations

The City is not a party-defendant in Count IV; therefore, it does not answer the allegations

in this count.

25.    Plaintiff, Terence Tribble, incorporates and realleges paragraphs 1-15, as though set forth herein in their entirety.

ANSWER:    Defendants Evangelides and Fieser incorporate their answers to paragraphs 1-15 as

if fully stated here.

26.    The individual defendants deprived plaintiff of fair criminal proceedings by engaging in multiple acts which include, but are not limited to, not disclosing known exculpatory evidence,

6

submitting false charges as contained in the criminal complaints, submitting false police reports, swearing to false statements, and otherwise acting to influence and persuade the State's Attorney to prosecute plaintiff and to deny plaintiff fair legal proceedings.

ANSWER:    Defendants Evangelides and Fieser deny the allegations in this paragraph.

27.    These acts were directed toward plaintiff, were intentional and material, and therefore were in violation of plaintiff's due process rights.

ANSWER:    Defendants Evangelides and Fieser deny the allegations in this paragraph.

28.    By reason of the conduct of the individual defendants, plaintiff, Terence Tribble, was deprived of rights, privileges and immunities secured to him by the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants Evangelides and Fieser, and each of them, is liable to plaintiff pursuant to 42 U.S.C. § 1983.

ANSWER:    Defendants Evangelides and Fieser deny the allegations in this paragraph.

## COUNT V
**Plaintiff against All Defendants for the State Supplemental Claim of Malicious Prosecution**

29.    Plaintiff, Terence Tribble, incorporates and realleges paragraphs 1-15, as though set forth herein in their entirety.

ANSWER:    Defendants incorporate their answers to paragraphs 1-15 as if fully stated here.

30.    The individual defendants maliciously and wrongfully instituted legal proceedings, causing criminal charges to be filed and prosecuted against plaintiff. The criminal proceedings were commenced and continued maliciously.

ANSWER:    Defendants have filed, contemporaneously with this answer, a motion to dismiss

plaintiff's malicious prosecution claim, and accordingly, do not answer this paragraph at this time.

31.    The individual defendants facilitated this malicious prosecution by falsifying evidence, creating false police reports, falsifying written criminal charges, and making false and perjured statements under oath.

ANSWER:    Defendants have filed, contemporaneously with this answer, a motion to dismiss

plaintiff's malicious prosecution claim, and accordingly, do not answer this paragraph at this time.

32.     Plaintiff was wrongfully incarcerated for approximately 12 days as a result of the prosecution of these criminal charges.

ANSWER:     Defendants have filed, contemporaneously with this answer, a motion to dismiss plaintiff's malicious prosecution claim, and accordingly, do not answer this paragraph at this time.

33.     Plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.

ANSWER:     Defendants have filed, contemporaneously with this answer, a motion to dismiss plaintiff's malicious prosecution claim, and accordingly, do not answer this paragraph at this time.

34.     Given the passage of time since the criminal court's finding of no probable cause, said criminal charges would be considered terminated favorably for plaintiff.

ANSWER:     Defendants have filed, contemporaneously with this answer, a motion to dismiss plaintiff's malicious prosecution claim , and accordingly, do not answer this paragraph at this time.

35.      The individual defendants, and each of them, is liable to plaintiff under Illinois for the state supplemental claim of malicious prosecution.

ANSWER:     Defendants have filed, contemporaneously with this answer, a motion to dismiss plaintiff's malicious prosecution claim , and accordingly, do not answer this paragraph at this time.

36.     Defendant CITY OF CHICAGO is liable pursuant to the doctrine of *respondeat superior*.

ANSWER:     Defendants have filed, contemporaneously with this answer, a motion to dismiss plaintiff's malicious prosecution claim , and accordingly, do not answer this paragraph at this time.

WHEREFORE, defendants pray that this Court enter judgment in their favor on plaintiff's complaint, award defendants such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## FIRST AFFIRMATIVE DEFENSE

Defendants are government officials who perform discretionary functions.  As to the federal claims against defendants, at all times material to the events alleged in plaintiff's complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted defendants could have believed their actions to be lawful, in light of clearly established law and the information that defendants possessed.  Defendants, therefore, are entitled to qualified immunity as a matter of law.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has a duty to mitigate any of his claimed injuries or damages in this case, and to the extent he has failed to do so, any verdict or judgement he obtains must be reduced accordingly.

## JURY DEMAND

Defendants request trial by jury.

Respectfully submitted,

Mara S. Georges
Corporation Counsel of the
City of Chicago

By:     *s/ Bhairav Radia*
Bhairav Radia
Assistant Corporation Counsel


*s/ Bhairav Radia*
Bhairav Radia
Assistant Corporation Counsel
Attorneys for defendants Evangelides and Fieser

Dated: August 26, 2008

30 North LaSalle Street, Suite 1020
Chicago, Illinois 60602
(312) 744-6919

**CERTIFICATE OF SERVICE**

I certify that I caused to be served a true copy of **Defendants' Answer, Defenses and Jury Demand to Plaintiff's First Demand Complaint** on the following attorney of record through the United States District Court for the Northern District of Illinois, Eastern Division's electronic case filing system, on August 26, 2008.

Irene Dymkar
300 West Adams
Suite 330
Chicago, IL 60606

_/s/ Bhairav Radia_
Bhairav Radia
Assistant Corporation Counsel

30 North LaSalle Street
Suite 1020
Chicago, Illinois 60602
(312) 744-6919