**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TERENCE TRIBBLE, | ) | |
| | ) | No. 08 C 2533 |
| Plaintiff, | ) | |
| | ) | Judge Hibbler |
| v. | ) | |
| | ) | Magistrate Judge Denlow |
| NICHOLAS J. EVANGELIDES, | ) | |
| ROGER L. FIESER, and CITY OF CHICAGO | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S**
**MALICIOUS PROSECUTION CLAIM AND DEFENDANT CITY OF CHICAGO**

Defendant City of Chicago (the "City"), through its attorney Mara S. Georges, Corporation Counsel of the City of Chicago, and defendants Nicholas Evangelides and Roger Fieser, through their attorney, Bhairav Radia, Assistant Corporation Counsel for the City of Chicago (collectively "defendants"), move this Court under Federal Rule of Civil Procedure 12(b)(6) to dismiss plaintiff's malicious prosecution claim (Count V) and the City as a defendant. In support of their motion, defendants state as follows:

**INTRODUCTION**

On May 14, 2006, plaintiff was allegedly stopped, searched, and arrested without a warrant or legal cause by defendants Evangelides and Fieser, who are Chicago police officers. *See* plaintiff's First Amended Complaint ("FAC"), ¶¶1-15 (attached as Exhibit A). Plaintiff first filed a complaint in this action on May 4, 2008 against defendants Evangelides and Fieser, alleging, among other federal claims under 42 U.S.C. § 1983 ("Section 1983"), a Fourth Amendment malicious prosecution claim (Count V). Complaint, ¶¶ 27-33, Docket Report at Item # 1. Defendants Evangelides and Fieser moved to dismiss the Fourth Amendment

malicious prosecution claim (Count V). *See* Docket Report at Item # 11.

Instead of filing a response to defendants Evangelides's and Fieser's motion to dismiss, plaintiff filed a First Amended Complaint, replacing the Fourth Amendment malicious prosecution with a state law malicious prosecution claim. *See* FAC, ¶¶ 29-36. In his First Amended Complaint, plaintiff also names the City as an additional defendant, but only as to the state law malicious prosecution claim, through the principle of respondeat superior. *Id*.

**LEGAL STANDARD**

The Court may dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). For a complaint to adequately state a claim that entitles the plaintiff to relief, it must meet two requirements. *E.E.O.C v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). First, the complaint must give the defendant '"fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (citing *Bell Atlantic Corp. v. Twombley*, 127 S.Ct. 1955, 1964 (2007)). Second, the complaint's allegations "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *Id.* at 776-77 (citing *Bell Atlantic*, 127 S.Ct. at 1965). In considering a motion to dismiss, the Court must assume as true all well-pleaded allegations in the complaint and construe all reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel*, 361 F.3d 998, 1001 (7th Cir. 2004). Nevertheless, a court may take judicial notice of matters of public record. *Palay v. U.S.,* 349 F.3d 418, 425 n. 5 (7 Cir. 2003).

## ARGUMENT

### I. PLAINTIFF'S MALICIOUS PROSECUTION CLAIM IS TIME BARRED.

Plaintiff cannot bring a malicious prosecution claim under Illinois law because his claim is time-barred. State law tort claims against Illinois local governmental entities and their employees are governed by a one-year statute of limitations. 745 Ill. Comp. Stat. 10/8-101 (West 2000). Under Illinois law, "[a] cause of action for malicious prosecution does not accrue until the criminal proceeding on which it is based has been terminated in the plaintiff's favor." *Ferguson,* 820 N.E.2d at 459 (Ill. 2004) (citations omitted). In this case, criminal charges against plaintiff were dismissed on June 8, 2006. *See* Docket Report for *People of the State of Illinois v. Terence Tribble*, Case No. 06111938501, attached as Exhibit B). Accordingly, the criminal proceedings against the plaintiff terminated, and his cause of action for malicious prosecution accrued, on June 8, 2006. Under the one-year statute of limitations, plaintiff had one year from June 8, 2006, to file his malicious prosecution claim against defendants. Plaintiff did not file a complaint, however, until May 4, 2008, several months after the one-year statute of limitations period expired. Therefore, plaintiff's potential malicious prosecution claim against defendants is untimely under Illinois law.

### II. IF THE COURT DISMISSES THE MALICIOUS PROSECUTION CLAIM, IT MUST ALSO DISMISS THE CITY AS A DEFENDANT.

In the First Amended Complaint, plaintiff names the City as a party defendant only in the state law malicious prosecution claim, and as to that claim, the City's liability rests solely on the principle of respondeat superior. *See* FAC, ¶¶ 1-36. Plaintiff has brought the remaining four claims under Section 1983, and has not named the City as party defendant in any of those claims. *See* FAC, ¶¶ 1-28. It is well-settled that a municipality cannot be liable under Section 1983 solely for employing a violator of federally protected rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S.

658, 694 (1978)(respondeat superior or vicarious liability will not attach under Section 1983). Therefore, if the Court dismisses plaintiff's malicious prosecution claim, it must also dismiss the City as a defendant from this case.

**CONCLUSION**

For the reasons set forth above, defendants Evangelides, Fieser, and the City request this Court to grant their motion and dismiss plaintiff's malicious prosecution claim and defendant City of Chicago, and grant any other relief as it deems appropriate.

Respectfully submitted,

Mara S. Georges
Corporation Counsel of the
City of Chicago

By: *s/ Bhairav Radia*
Bhairav Radia
Assistant Corporation Counsel

*s/ Bhairav Radia*
Bhairav Radia
Assistant Corporation Counsel
Attorneys for defendants Evangelides and Fieser

Dated: August 26, 2008

30 North LaSalle Street, Suite 1020
Chicago, Illinois 60602
(312) 744-6919

# EXHIBIT A

Case 1:08-cv-02533 Document 12 Filed 08/04/2008 Page 1 of 8

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **TERENCE TRIBBLE,** | ) | |
| **Plaintiff,** | ) | **Case No. 08 C 2533** |
| | ) | |
| **v.** | ) | **Judge William J. Hibbler** |
| | ) | |
| **NICHOLAS J. EVANGELIDES,** | ) | **Magistrate Judge Morton Denlow** |
| **ROGER L. FIESER, and CITY OF CHICAGO,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendants.** | ) | |

## FIRST AMENDED CIVIL RIGHTS COMPLAINT

Plaintiff, TERRENCE TRIBBLE, by and through his attorney, Irene K. Dymkar, complaining against defendants, states as follows:

## NATURE OF CLAIM

1. This action arises under the United States Constitution and the laws of the United States, specifically the Civil Rights Act of 1871 (42 U.S.C. §1983), to redress deprivations of the civil rights of plaintiff through acts and/or omissions of defendants committed under color of law. Specifically here, defendants deprived plaintiff of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

2. Additionally, plaintiff relies upon the Court's supplemental jurisdiction to assert the Illinois state claim of malicious prosecution.

## JURISDICTION AND VENUE

3. Jurisdiction is based upon 28 U.S.C.§§1343, 1331, and 1367.

Document 12 Filed 08/04/2008 Page 2 of 8

4. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this district.

## PARTIES

5. At all times herein mentioned, plaintiff was and is a citizen of the United States and resides within the jurisdiction of the court.

6. At all times herein mentioned, individual defendants NICHOLAS J. EVANGELIDES (hereinafter EVANGELIDES) and ROGER L. FIESER (hereinafter FIESER) were officers in the Chicago Police Department and were acting under color of state law and as the employees or agents of the City of Chicago, Illinois. They are being sued in their individual capacity.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant CITY OF CHICAGO maintained, managed, and/or operated the Chicago Police Department.

## STATEMENT OF FACTS

8. On May 14, 2006, at approximately 8:30 PM, plaintiff, TERENCE TRIBBLE, was lawfully at a gathering of family and friends at 1649 S. Homan Avenue in Chicago, Illinois, and engaged in lawful conduct, when defendants EVANGELIDES and FIESER stopped him without reasonable suspicion or legal cause.

9. Plaintiff was searched and placed under custodial arrest, despite the fact there was no warrant for his arrest and no probable cause to believe that he had committed a crime.

10. Defendants caused a false felony drug charge and a false charge of drinking on a public way to be filed against plaintiff. Plaintiff was booked, processed, and formally charged with said charges.

11. Plaintiff, TERENCE TRIBBLE, was wrongfully incarcerated for approximately 12 days.

12. At a suppression hearing based upon plaintiff's assertion that he had been arrested without probable cause, the criminal court judge made a finding of no probable cause and quashed the arrest. The criminal charges remained pending; however, given the passage of time, said charges would be considered terminated favorably for plaintiff.

13. By reason of the above-described acts and omissions of the individual defendants, plaintiff sustained injuries, humiliation, and indignities, and suffered great physical, mental, and emotional pain and suffering, all to his damage. He also incurred fees in retaining an attorney to defend him in criminal court.

14. The aforementioned acts of the individual defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff's rights and justify the awarding of exemplary and punitive damages.

15. By reason of the above-described acts and omissions of the individual defendants, plaintiff was required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action, so that he might vindicate the loss and impairment of their rights. By reason thereof, plaintiff requests payment by the individual defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other provision set by law.

Case 1:08-cv-02533 Document 12 Filed 08/04/2008 Page 4 of 8

**COUNT I**
**Plaintiff Against Individual Defendants for Illegal Stop**

16. Plaintiff, TERENCE TRIBBLE, incorporates and realleges paragraphs 1 – 15, as though set forth herein in their entirety.

17. The stop of plaintiff by the individual defendants was without reasonable suspicion that plaintiff was involved in any criminal activity and without any other legal cause.

18. By reason of the conduct of the individual defendants, plaintiff, TERENCE TRIBBLE, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants EVANGELIDES and FIESER, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

**COUNT II**
**Plaintiff Against Individual Defendants for False Arrest**

19. Plaintiff, TERENCE TRIBBLE, incorporates and realleges paragraphs 1 – 15, as though set forth herein in their entirety.

20. The arrest and incarceration of plaintiff, TERENCE TRIBBLE, by the individual defendants for the purpose of charging him with false crimes were without probable cause and unreasonable.

21. By reason of the conduct of the individual defendants, plaintiff, TERENCE TRIBBLE, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants EVANGELIDES and FIESER, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

Case 1:08-cv-02533 Document 12 Filed 08/04/2008 Page 5 of 8

**COUNT III**
**Plaintiff Against Individual Defendants for Illegal Search**

22. Plaintiff, TERENCE TRIBBLE, incorporates and realleges paragraphs 1 – 15, as though set forth herein in their entirety.

23. The search of the person of plaintiff, TERENCE TRIBBLE, was without probable cause and unreasonable.

24. By reason of the conduct of the individual defendants, plaintiff, TERENCE TRIBBLE, was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants EVANGELIDES and FIESER, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

**COUNT IV**
**Plaintiff Against Individual Defendants for Due Process Violations**

25. Plaintiff, TERENCE TRIBBLE, incorporates and realleges paragraphs 1 – 15, as though set forth herein in their entirety.

26. The individual defendants deprived plaintiff of fair criminal proceedings by engaging in multiple acts which include, but are not limited to, not disclosing known exculpatory evidence, submitting false charges as contained in the criminal complaints, submitting false police reports, swearing to false statements, and otherwise acting to influence and persuade the State's Attorney to prosecute plaintiff and to deny plaintiff fair legal proceedings.

27. These acts were directed toward plaintiff, were intentional and material, and therefore were in violation of plaintiff's due process rights.

28. By reason of the conduct of the individual defendants, plaintiff, TERENCE TRIBBLE, was deprived of rights, privileges and immunities secured to him by the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, defendants EVANGELIDES and FIESER, and each of them, is liable to plaintiff pursuant to 42 U.S.C. §1983.

**COUNT V**
**Plaintiff Against All Defendants for the State Supplemental Claim of Malicious Prosecution**

29. Plaintiff, TERENCE TRIBBLE, incorporates and realleges paragraphs 1 – 15, as though set forth herein in their entirety.

30. The individual defendants maliciously and wrongfully instituted legal proceedings, causing criminal charges to be filed and prosecuted against plaintiff. The criminal proceedings were commenced and continued maliciously.

31. The individual defendants facilitated this malicious prosecution by falsifying evidence, creating false police reports, falsifying written criminal charges, and making false and perjured statements under oath.

32. Plaintiff was wrongfully incarcerated for approximately 12 days as a result of the prosecution of these criminal charges.

33. Plaintiff was injured emotionally and otherwise from the loss of certain liberty and related rights.

34. Given the passage of time since the criminal court's finding of no probable cause, said criminal charges would be considered terminated favorably for plaintiff.

35. The individual defendants, and each of them, is liable to plaintiff under Illinois law for the state supplemental claim of malicious prosecution.

36. Defendant CITY OF CHICAGO is liable pursuant to the doctrine of *respondeat superior*.

WHEREFORE, plaintiff, TERENCE TRIBBLE, by and through his attorney, Irene K. Dymkar, requests judgment as follows against the defendants on each and every claim:

1. That defendants be required to pay plaintiffs general damages, including emotional distress, in a sum to be ascertained at a trial of this matter,

2. That defendants be required to pay plaintiffs special damages,

3. That defendants, except CITY OF CHICAGO, be required to pay the plaintiffs attorneys' fees pursuant to 42 U.S.C. §1988, the Equal Access to Justice Act, or any other applicable provision,

4. That defendants, except CITY OF CHICAGO, be required to pay plaintiffs exemplary and punitive damages in a sum to be ascertained at a trial of this matter,

5. That defendants be required to pay plaintiffs costs of the suit herein incurred, and

6. That plaintiffs be granted such other and further relief as this Court may deem just and proper

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY.**

Dated: August 4, 2008

/s Irene K. Dymkar
Irene K. Dymkar

Irene K. Dymkar
Attorney for Plaintiff
300 W. Adams Street, Suite 330
Chicago, IL 60606-5107
(312) 345-0123

Case 1:08-cv-02533 Document 12 Filed 08/04/2008 Page 8 of 8

## CERTIFICATE OF SERVICE

I, Irene K. Dymkar, an attorney, certify that on the 4th day of August, 2008, a copy of PLAINTIFF'S FIRST AMENDED COMPLAINT was served upon the attorney named below by through the Court's electronic filing system.

Bhairav Radia
City of Chicago, Department of Law
30 N. LaSalle, Suite 1400
Chicago, IL 60602

Dated: August 4, 2008

______________________________
Irene K. Dymkar

# EXHIBIT B

```
CASE: 06111938501 S  (START OF CASE      )      PAGE: 001 OF  004       PROD
 DEFENDANT NAME: TERENCE    L TRIBBLE
GENERAL INFORMATION
  CB: 016535249 IR: 0776208 SID:            FBI:            RD: HM350942

ATTORNEY INFORMATION     -- NO ATTORNEYS ASSOC W/CASE --

CHARGE INFORMATION

NBR A TYPE CLASS CHAPTER/SECTION                            DESCRIPTION
001      F        720-570/402-C                             PCS - POSSESSION - LESS T
002      Q        8-4-030                                   DRINKING ALCOHOL ON THE P
003      F        720-570/402-C                             PCS - POSSESSION - LESS T

DISPOSITION INFORMATION


051506-
PROBABLE CAUSE TO DETAIN
COGHLAN, MATTHEW E.
BRANCH  1        RM 111

ENTER=CONTINUE PF3=RETURN PF7=BKWRD PF8=FRWD PF10=RESET PF12=PRINT CLEAR=EXIT
=> PRINT THE FOLLOWING PAGES PAGE: 001 THRU 004 DESTINATION ____
```

Case 1:08-cv-02533 Document 17-3 Filed 08/26/2008 Page 3 of 6



```
CASE: 06111938501 S  (START OF CASE       )     PAGE: 002 OF  004        PROD
 DEFENDANT NAME: TERENCE     L TRIBBLE

051506-
BAIL AMOUNT SET                              $25000
COGHLAN, MATTHEW E.
BRANCH  1        RM 111

051506-
DEF DEMAND FOR TRIAL
COGHLAN, MATTHEW E.
BRANCH  1        RM 111

051506-
MOTION STATE - CONTINUANCE -MS    060806           1250
COGHLAN, MATTHEW E.
BRANCH  1        RM 111                0900 AM



ENTER=CONTINUE PF3=RETURN PF7=BKWRD PF8=FRWD PF10=RESET PF12=PRINT CLEAR=EXIT
=> PRINT THE FOLLOWING PAGES PAGE: 001 THRU 004 DESTINATION ____
```

Page: 1 Document Name: untitled

```
 CASE: 06111938501 S  (START OF CASE       )      PAGE: 003 OF  004       PROD
  DEFENDANT NAME: TERENCE    L TRIBBLE
 060806-
 APPEARANCE FILED
 DESIERTO ISREAL ABAYA
 BRANCH 50        RM 2

 060806-
 FINDING NO PROB CAUSE - DISMSD                      C001
 DESIERTO ISREAL ABAYA
 BRANCH 50        RM 2

 060806-
 DEF DEMAND FOR TRIAL
 DESIERTO ISREAL ABAYA
 BRANCH 50        RM 2

 060806-
 CASH BOND REFUND TO ATTORNEY                        B001
 DESIERTO ISREAL ABAYA
 BRANCH 50        RM 2

 ENTER=CONTINUE PF3=RETURN PF7=BKWRD PF8=FRWD PF10=RESET PF12=PRINT CLEAR=EXIT
 => PRINT THE FOLLOWING PAGES PAGE: 001 THRU 004 DESTINATION ____
```

Date: 6/17/2008 Time: 03:43:41 PM

Page: 1 Document Name: untitled

```
CASE: 06111938501 S  (START OF CASE        )      PAGE: 003 OF  004        PROD
 DEFENDANT NAME: TERENCE     L TRIBBLE
060806-
APPEARANCE FILED
DESIERTO ISREAL ABAYA
BRANCH 50       RM 2

060806-
FINDING NO PROB CAUSE - DISMSD                          C001
DESIERTO ISREAL ABAYA
BRANCH 50       RM 2

060806-
DEF DEMAND FOR TRIAL
DESIERTO ISREAL ABAYA
BRANCH 50       RM 2

060806-
CASH BOND REFUND TO ATTORNEY                            B001
DESIERTO ISREAL ABAYA
BRANCH 50       RM 2

ENTER=CONTINUE PF3=RETURN PF7=BKWRD PF8=FRWD PF10=RESET PF12=PRINT CLEAR=EXIT
=> PRINT THE FOLLOWING PAGES PAGE: 001 THRU 004 DESTINATION ____
```

Page: 1 Document Name: untitled

```
CASE: 06111938501 S  (START OF CASE        )       PAGE: 004 OF  004        PROD
 DEFENDANT NAME: TERENCE    L TRIBBLE

060806-
NON-SUIT                                          C002
DESIERTO ISREAL ABAYA
BRANCH 50       RM 2

060806-
FINDING NO PROB CAUSE - DISMSD                    C003
DESIERTO ISREAL ABAYA
BRANCH 50       RM 2

END OF FILE

ENTER=CONTINUE PF3=RETURN PF7=BKWRD PF8=FRWD PF10=RESET PF12=PRINT CLEAR=EXIT
=> PRINT THE FOLLOWING PAGES PAGE: 001 THRU 004 DESTINATION ____
```

Date: 6/17/2008 Time: 03:43:49 PM