MHN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TERENCE TRIBBLE,  )
  )
    Plaintiff,  )
  )  Case No. 08 C 2533
    v.  )
  )  The Honorable William J. Hibbler
NICHOLAS EVANGELIDES AND ROGER L.  )
FIESER,  )
  )
    Defendants.  )

## MEMORANDUM OPINION AND ORDER

A jury returned a verdict in favor of the Defendants in Terence Tribble's 42 U.S.C. § 1983 lawsuit against them. Tribble makes a motion pursuant to Fed. R. Civ. P. 59(a) asking for a new trial.

A district court has discretion under Rule 59(a)(1) to order a new trial where the verdict is against the weight of the evidence, the damages are excessive, or where for other reasons the trial was not fair to the moving party. *McNabola v. Chicago Transit Authority*, 10 F.3d 501, 516 (7th Cir. 1993). Here, Tribble does not argue that the verdict was against the weight of the evidence but instead that the trial was not fair because of two rulings made by the Court.

Tribble had been arrested just five days before the trial was set to begin, and could not be present for the first day of the trial, during which the Court was to impanel the jury. Due to the Court's schedule, postponing the trial for a day might have resulted in several days of testimony

1

followed by a week-long or even month-long break for the jury.[1] The Court informed the parties that any continuance would necessarily need to be an extensive one and that it would not risk conducting a trial, particularly one so short, that might be so extensively interrupted. Despite this warning, Tribble sought a continuance of a single day (Doc. # 85). The Court denied the motion.

Tribble first argues that the Court erred when it conducted *voir dire* without his presence. Tribble suggests that had he been present during *voir dire*, he could have assisted his attorneys' presentation of the case by suggesting when to utilize peremptory challenges.

Neither party accurately frames the issue before the Court. Defendants hint that Tribble waived his right to be present at *voir dire* because he was arrested on a serious charge and "had the option of posting bond" he could have attended the *voir dire* if he so chose. Defendants' argument flies in the face of the presumption of innocence and Tribble's Fifth and Fourteenth Amendment due process rights.

Tribble, on the other hand, presumes that merely because the Seventh Amendment provides him a right to a jury trial that it also provides him with the right to be present during *voir dire*. The constitutional right to presence, however, is rooted to a large extent in the Confrontation clause of the Sixth Amendment, and to a lesser extent by the Due Process clause of the Fifth Amendment). *United States v. Gagnon*, 470 U.S. 522, 526, 105 S.Ct 1482, 84 L.Ed.2d 486 (1985); *Snyder c. Massachusetts*, 291 U.S. 97, 105-06, 54 S.Ct. 330, 78 L.Ed. 674 (1934); *see also Connor v. McBride*, 375 F.3d 643, 654 (7th Cir. 2004). The right to presence is implicated when there is a substantial relation between the proceeding and the fullness of a defendant's opportunity to defend against a

---

[1] The Court was not sitting the week following this trial because it had other commitments and had two trials scheduled in the weeks immediately following (one of which lasted over three weeks).

criminal charge, to the extent that a full and just hearing would be thwarted by his absence. *Gagnon*, 470 U.S. at 526. Even in the context of criminal proceedings, that right has limits and can be waived. *United States v. Bishawi*, 272 F.3d 458, 461-62 (7th Cir. 2001); *Farmer v. Prast*, 721 F.2d 602, 604-05 (7th Cir. 1983). Tribble, in essence, asks the Court to graft this Sixth Amendment right onto the Seventh Amendment.

Tribble's principal case in support is *Olympia Hotels Corp. v. Johnson Wax Dev. Corp.*, 908 F.2d 1363, 1369 (7th Cir. 1990). *Olympia Hotels Corp.* held that a district court could not delegate *voir dire* to a magistrate judge without the parties' consent. 908 F.2d at 1369. In *dicta*, the court held that *voir dire* was an indispensable part of the trial. *Id.* But *Olympia Hotels Corp.* did not go so far as to suggest that a civil party has a right to be present for *voir dire*. Rather, it stands for the proposition only that a district court must conduct it.[2]

Further, although the right to be present in criminal cases is found in the Sixth and Fifth Amendments, Congress has expanded that right by setting forth a right to be present in the Federal Rules of Criminal Procedure. Fed. R. Crim. P. 43. The Federal Rules of Criminal Procedure specifically require a defendant's presence during jury impanelment. Fed. R. Crim. P. 43(a)(2). The Federal Rules of Civil Procedure contain no similar mandates for jury selection.

The Court is not convinced that the Seventh Amendment provides litigants a right to be present during *voir dire*. Tribble points to no civil case where such a right was found. More

---

[2]The Seventh Circuit has held that the decision whether to exercise the right to be present during *voir dire* was not one of those non-delegable decisions that a defendant must make (such as whether to testify or how to plead). *Johnson v. Boyd*, 6 Fed. Appx. 361, 363-364, 2001 WL 312371 (7th Cir. 2001). *Johnson* implies, then, that even in a criminal case the decision of whether to exercise a peremptory challenge is a strategic decision, made by the lawyer and not by the client. The implication of *Johnson* undercuts Tribble's stated rationale — that the right to be present is necessary for Tribble to provide assistance in exercising peremptory challenges.

3

importantly, Tribble cannot show that conducting *voir dire* without his presence made the trial so unfair as to require a new trial.

Tribble next argues that the Court erred in allowing the testimony of an assistant state's attorney (ASA). First, Tribble argues that the ASA was a surprise witness and the Court should not have allowed her to testify in the first instance. Two ASAs were listed as participants in the prosecution of the underlying criminal case. The Defendants originally listed ASA Richard Sleesman as a non-opinion fact witness. Tribble did not depose Sleesman. Shortly before trial, the Defendants learned that Sleesman would be unavailable to testify because of military service and so moved to amend their witness list to include Sleesman's co-prosecutor, ASA Sabra Ebersole. Tribble did not depose Ebersole.

Defendants' use of Ebersole as a witness can hardly be considered a surprise. The Defendants made clear that they might call as a witness one of the prosecutors from Tribble's underlying criminal case. Despite this identification, Tribble elected never to depose Sleesman. Both Sleesman and Ebersole were identified as the ASAs in Tribble's state court criminal file, which plainly was available to Tribble. Given the nature of Sleesman's potential testimony and the fact that Tribble never deposed Sleesman, any preparation that Tribble's counsel undertook for his testimony would likely be applicable to a cross-examination of Ebersole. It is disingenuous at best for Tribble now to suggest that the Defendants' decision to replace Sleesman with Ebersole constituted a surprise.

Tribble next suggests that Ebersole's testimony violated the Court's rulings on his motion *in limine*. This argument can be dispatched quickly. Tribble argues that the Court ruled in his favor on a motion *in limine*, holding that the State's Attorney's file would not be admitted as evidence.

That is true. And the State's Attorney's file was not admitted into evidence. Rather, it was used to refresh Ebersole's recollection concerning the events surrounding Tribble's prosecution by the state.

Finally, Tribble argues that the Court erred in allowing Ebersole to testify as an expert. According to Tribble, Ebersole provided opinion testimony without having been disclosed as an expert and without Defendants' counsel having set forth a foundation for her to so testify. However, Ebersole never offered an opinion. Ebersole testified as to *her experience* on the narcotics call in the state court, offering factual statements based on her personal observations.

The Court holds that neither Defendants' decision to replace Sleesman with Ebersole approximately one week before trial nor Ebersole's actual testimony made the trial so unfair as to require a new trial.

For the foregoing reasons, the Court DENIES Tribble's motion for a new trial.

IT IS SO ORDERED.

8/30/10
Dated

Hon. William J. Hibbler
U.S. District Court

5