IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERENCE TRIBBLE, | ) |
| | ) |
| Plaintiff, | ) No. 08 C 02533 |
| | ) |
| v. | ) |
| | ) Judge John J. Tharp, Jr. |
| NICHOLAS J. EVANGELIDES, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Terence Tribble, brought suit against Defendants and Chicago Police Officers Nicholas J. Evangelides and Roger Fieser alleging illegal stop, false arrest, illegal search and a violation of due process. A jury returned a verdict in favor of Defendants, and the district court denied Plaintiff's motion for a new trial. *Tribble v. Evangelides,* No. 08 C 02355, 2010 WL 3526484, at *1-3 (N.D.Ill. Aug. 30, 2010), *rev'd* 670 F.3d 753 (7th Cir. 2012). Following an appeal, the Seventh Circuit affirmed in part, reversed in part and remanded this case for further proceedings. *Tribble,* 670 F.3d at 761-62. The appellate court determined that Plaintiff was entitled to a new trial due to the undisclosed and prejudicial opinion testimony of a key witness for the defense. *Id.* at 760-61.

Now before the Court is Plaintiff's motion for a bill of costs on appeal, seeking taxable costs in the amount of $3,276.10 pursuant to Federal Rule of Appellate Procedure 39(e). Defendants do not dispute the taxable amounts, but request a stay of the costs pending final adjudication of all claims and a setoff of $580 against the costs for unpaid parking tickets due to the City of Chicago.

For the reasons set forth below, Plaintiff's bill of costs is granted, but in a reduced amount. Defendants' motions to stay and offset the bill of costs are denied.

## I.   DISCUSSION

Plaintiff seeks, and Defendants do not dispute, taxable costs of $3,276.10. These costs are due to Plaintiff pursuant to Federal Rules of Appellate Procedure 39(a)(4) and (e). Rule 39(a)(4) provides that "if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders." Here, the Seventh Circuit affirmed in part, reversed in part, remanded for further proceedings and awarded costs to the Plaintiff. *Tribble v. Evangelides*, et al., No. 10-3262 (7th Cir. Jan. 26, 2012) (order awarding costs to appellant). Under Rule 39(e), a party entitled to costs on appeal may recover: "(1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal." Plaintiff seeks only the cost of the filing fee and reporter's transcripts.

The Court first addresses an issue with Plaintiff's total costs. These costs include, according to Plaintiff's motion, $455 for the notice of appeal and $2,821.10 for reporter's transcripts. However, a review of the invoices attached to the bill of costs shows that the total amount for the transcripts arrived at by Plaintiff is incorrect.[1]

---

[1] Plaintiff's motion lists the following transcripts and costs: (1) Transcript for motion hearing on 5/13/10, $102.20; (2) Transcript of emergency motion on 5/13/10, $135.80; (3) Transcript for motion hearing on 5/17/10, $156.95; (4) Trial proceedings (excerpts) 5/17/10, $58.20; (5) Trial proceedings 5/18/10-5/21/10, $184.50; (6) Trial proceedings 5/18/10-5/21/10, $1,602.35; and (7) Trial testimony (witness Ebersole) 5/20/10, $126.10. These transcript costs total $2,366.10 and not $2,821.10, as stated in Plaintiff's motion. Moreover, the invoices attached to Plaintiff's motion show the following: (1) Invoice No. 20100187, $2,046 and (2) Invoice No. 20100116, $320.10. These invoices also total $2,366.10.

It would appear that in calculating the total taxable costs, Plaintiff included the $455 filing fee twice.[2] Plaintiff added the filing fee to the total transcript costs and then again to the "Total Costs Allowed by Rule 39(e)." Actual total costs should include only the $455 filing fee and $2,366.10 for the cost of transcripts, as evidenced by Plaintiff's itemized bill and attached invoices. Plaintiff can only recover the cost of the filing fee once; accordingly, the Court revises the total costs to $2,821.10.

### A. Motion to Stay Bill of Costs

As stated above, Defendants do not dispute the bill of costs.[3] They do, however, move to stay the costs until the final adjudication of all claims in the case. Specifically, Defendants argue that an immediate award of costs would be unfair because, should Defendants prevail on retrial, they will not be able to recover costs they are entitled to under Federal Rule of Civil Procedure Rule 54(d) due to Plaintiff's indigence.[4] The more equitable solution, according to Defendants, would be to stay the adjudication and enforcement of costs until the final resolution of all claims. This would allow Defendants to offset Plaintiff's bill of costs on appeal with the costs they would be entitled to after prevailing at retrial.

Defendants correctly note that district courts in the Seventh Circuit retain broad discretion in determining the allowance of taxable costs under Rules 39(a) and (e).

---

[2] This would account for the "Total Transcript Cost" of $2,821.10 in Plaintiff's motion. The filing fee of $455 plus the transcript costs of $2,366.10 (as shown on the invoices) equals $2,821.10. That total plus another $455 equals $3,276.10—the amount Plaintiff states as the final total.

[3] Defendants do not object to or mention the discrepancy in Plaintiff's total costs and the sum of the filing fee and total transcript costs.

[4] At the first trial, Defendants' bill of costs was denied and Plaintiff's motion to waive costs was granted based on indigence. Defs.' Resp. at 2.

3

*Republic Tobacco Co. v. North Atlantic Trading Co.,* 481 F.3d 442, 449 (7th Cir. 2007) ("We believe that…[the] discretionary language found in Rule 39(a)(4) affords district courts broad discretion to allocate costs"); *Guse v. J.C. Penny Co., Inc.,* 570 F.2d 679, 682 (7th Cir. 1978) ("the district court shall, in its discretion, determine the allowance of any costs taxable in the district court under Rule 39(e)"). Furthermore, as the court in *Olympia Express v. Linee Aeree Italiane S.P.A.* explained, "[w]hile some courts may choose to wait until all claims are resolved in the case on remand…[to grant taxable costs], courts likewise have the discretion to make this determination at this stage of the litigation." No. 02 C 02858, 2008 WL 744231, at *5 (N.D.Ill. Mar. 19, 2008) (citing *Emmenegger v. Bull Moose Tube Co.,* 324 F.3d 616, 627 (8th Cir. 2003) (determination made after adjudication on the merits); *Guse,* 570 F.2d at 679 (determination made after appeal)); *see also Berthelsen v. Kane,* 907 F.2d 617, 623 (6th Cir. 1990) ("Pursuant to the provisions of Rule 39(e), the district court is free to determine whether the premium paid on the supersedeas bond should be taxed as costs after there has been a determination on the merits of this case"). That said, "final adjudication on the merits is not a prerequisite" to a party obtaining taxable costs pursuant to Rule 39. *Id.* (internal quotations omitted). In fact, as the court in *Hynix Semiconductor Inc., et al. v. Rambus Inc.* noted, "an order taxing appellate costs is effective immediately, and is not dependent upon the ultimate outcome of the case on remand." No. C-00-20905-RMW, 2012 WL 95417, at *2-3 (N.D.Cal. Jan. 11, 2012) (citing *Ninilchick Traditional Council v. U.S.,* 227 F.3d 1186, 1196 (9th Cir. 2000); *Mason v. Texaco,* 131 F.R.D. 697, 698 (D.Kansas 1990)).

Absent a compelling reason, this Court is not inclined to stay the award of costs to the Plaintiff. Here, Defendants argue that they should be given the opportunity to offset Plaintiff's costs on appeal with costs they *might* be entitled to *if* the case is retried and *if* Defendants prevail. Defendants' assertions are not only highly speculative, but fail to consider that the costs on appeal, and any possible costs on retrial, are a direct result of the non-disclosed and prejudicial testimony of Defendants' witness. *Tribble,* 670 F.3d at 760-61. So even if Defendants prevail on remand, any costs borne at the second trial by both Defendants *and* Plaintiff will come as a consequence of that error. Essentially, Defendants are asking the Court for the opportunity to shift their costs to the Plaintiff for a retrial that would not have occurred but for the Defendants' undisclosed expert testimony. This request is denied.

### B. Motion to Offset Bill of Costs

Defendants also seek to offset Plaintiff's bill of costs by $580—the amount Plaintiff allegedly owes the City of Chicago in unpaid parking tickets. Even if that is true (an issue as to which the Court expresses no opinion), those claims have no application here because the City of Chicago is not a party to this case. *See, e.g., Am. Nat'l Bank & Trust Co. of Chicago v. Joyner*, No. 94 C 04474, 1996 WL 332773, *7 (N.D.Ill. Jun. 14, 1996) ("Because the Plan is not a party to this action, the affirmative defense of set-off must fail").

Whether the City indemnifies the Defendant officers is a matter between the City and those officers. Likewise, the unpaid parking tickets are a matter between Plaintiff and the City. And, as Plaintiff correctly states, the bill of costs is against Defendants

5

Evangelides and Fieser as individuals. Defendants cannot offset the bill of costs with a debt owed to a non-party, whether that non-party is the City of Chicago or someone else. Furthermore, Defendants fail to provide authority for their proposition that they may setoff the costs on appeal with a debt held by a non-party indemnifier. Accordingly, Defendants motion to offset the bill of costs is denied.

## II. CONCLUSION

For the reasons set forth above, Plaintiff's bill of costs is granted in the reduced amount of $2,821.10. Defendants' motions to stay and offset costs are denied.

Date: July 16, 2012

_____
District Judge John J. Tharp, Jr.